STATE of Minnesota, Respondent,

v.

Duane FREY, Appellant.

No. C1-83-1141.

Court of Appeals of Minnesota.

Dec. 7, 1983.

C. Paul Jones, Public Defender, John E. Pearson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. Pearson, County Atty., Detroit Lakes, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY, and SEDGWICK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from a 100 month sentence of defendant by Gaylord A. Saetre, District Judge, after a plea of guilty to burglary in violation of Minn.Stat. §§ 609.-05 and 609.58, subd. 2(1)(b) (accomplice liability for burglary of a dwelling by an accomplice armed with a dangerous weapon). Defendant's sentence was within the presumptive range of 90–104 months for an offense severity level of VII and appellant's history of six or more. Defendant had requested a durational reduction and a sentence of two-thirds the presumptive sentence of 97 months based upon his more passive role. We affirm the trial court's refusal to depart from the presumptive sentence.

## FACTS

On June 13, 1983, defendant was sentenced by the trial court for committing six felonies: four burglaries and two thefts. Four convictions resulted from guilty pleas, two from jury verdicts.

The longest concurrent sentence imposed, and subject of this appeal, is a 100-month sentence for burglary in violation of Minn. Stat. § 609.58, subd. 2(1)(b) (1982), with reference to Minn.Stat. § 609.05 (1982) (accomplice liability for burglary of a dwelling by accomplice armed with a dangerous weap-

on). Defendant had pleaded guilty to the offense.

The charge arose from the burglary of the home of Duane Aus in rural Becker County on February 14, 1983. During the course of the burglary, the homeowner's dog was shot and several guns were taken.

Defendant, at the time of his plea, testified that he had driven Gary Frey, John Feldt, and Ila Evans to the home. Gary Frey and John Feldt went up to the house while defendant and Ms. Evans drove around. When they returned, Gary Frey and Feldt said that there was a dog in the house and they couldn't get in.

The four discussed going back into town to get a gun to shoot the dog. Defendant then drove them into town to get a gun and took them back out to the home. Defendant and Evans went for another drive, but defendant knew what his brother and Feldt were doing.

When defendant and Evans returned, Feldt and Gary Frey had guns that were taken from the home along with the gun they had picked up in town. The guns were put in the defendant's car and later traded for some meat. Defendant admitted participating in the trading of the guns and sharing in the fruits of the trade.

At sentencing, defense counsel requested that the sentence be reduced to two-thirds of the presumptive sentence on the basis of defendant's passive involvement in the crime and that these were property offenses. Defendant's poor health was also argued as a mitigating factor.

The request for duration reduction was denied. Defendant seeks a reduction in the 100-month prison sentence to a concurrent prison term of no more than 65 or 66 months.

## ISSUE

Whether there were compelling and substantial circumstances to require the trial court to depart from the presumptive sentence range of the Sentencing Guidelines and impose a more lenient sentence based upon defendant's more minor role in the burglary?

## ANALYSIS

The Minnesota Supreme Court has held that it generally will not modify a sentence that is within the presumptive range established by the Minnesota Sentencing Guidelines. In *State v. Kindem,* 313 N.W.2d 6 (Minn.1981), the court stated:

Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*Id.* at 7.

Is the present matter one of those "rare cases" which warrants reversal of the trial court's decision not to depart? The main thrust of defendant's argument is that he had a minor or passive role in the offense and therefore the presumptive sentence should have been reduced.

The Sentencing Guidelines specifically recognize that an offender's minor or passive role in a crime may be a mitigating factor. Minnesota Sentencing Guidelines and Commentary, II.D.103.2.a.(2) (1983).

The Minnesota Supreme Court approved a passive role as a mitigating factor in *State v. Carson,* 320 N.W.2d 432 (Minn. 1982). The supreme court affirmed the trial court's downward durational departure over a state appeal and said:

Whether or not the defendant played a passive role in the offense is the type of factual issue best decided at the trial court level in most cases. Here the trial court also acted as trier of fact on the issue of guilt or innocence, and, therefore,

clearly was in the best position to decide this issue.

320 N.W.2d at 438.

On the other hand, the supreme court has upheld a trial court's refusal to depart from the guidelines even where defendant's role was a "more passive role." In *State v. Kindem, supra,* the supreme court held:

In this case, there were valid reasons for adhering to the presumptive sentence, including the fact that defendant admitted participating in the conspiracy to commit the robbery, aided in preparing for the robbery, and was physically present during the robbery and attack. By his presence alone he made more likely the commission of the crime because the record indicates that his brother did not like to commit crimes alone. Thus, while there may have been arguments for departing downward, there were also reasons for not doing so. That being so, the determination whether or not to depart was clearly a discretionary decision for the trial court to make.

313 N.W.2d at 7.

In this matter there were valid reasons for adhering to the presumptive sentence. Defendant admitted at the time of his guilty plea that he knew that his accomplices intended to burglarize the home. By driving his accomplices to the home, defendant made the commission of the crime possible. Not only did he drive them out to the home, he picked them up, took them back into town to get a gun to shoot the dog, and drove them back out to the home a second time. The defendant also participated in trading the stolen guns, receiving meat in the transfer and sharing in the fruits of the trade. Defendant's health condition was of insignificant weight to consider.

## DECISION

The facts in this appeal present no compelling or substantial arguments for a downward departure. On the contrary, the defendant knew what he was doing, participated in the commission of the crime, and encouraged the actions of his accomplices. This is not mere passive behavior. The trial court did not err in its discretion in refusing to depart from the Sentencing Guidelines andimpose a more lenient sentence.

We affirm.