STATE of Minnesota, Respondent,

v.

Eleanore Ann SHERWOOD, Appellant.

No. C8–83–1606.

Court of Appeals of Minnesota.

Dec. 21, 1983.

Barry V. Voss, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Steve C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument.

WOZNIAK, Judge.

This is an appeal from a 27-month sentence of Sherwood by Charles A. Flinn, Jr., District Judge, after a plea of guilty to conspiracy to receive stolen property, under a plea agreement whereunder two other counts of theft and one count of receiving stolen property were dismissed.

Sherwood's sentence was within the presumptive range for the severity level and six criminal history points.

Sherwood requested a dispositional departure based upon her alleged "passive" role and her status of a parent with six minor children.

We affirm the trial court's refusal to depart from the presumptive sentence.

## FACTS

Sherwood was charged with having committed theft (two counts) and receiving stolen property (one count) in Ramsey County on September 24, 1982. She pled not guilty.

On June 13, 1983, Sherwood pled guilty to Count IV of an amended complaint, which alleged conspiracy to receive stolen property, under a plea agreement whereunder Counts I, II and III were to be dismissed at sentencing. Her accomplice and co-defendant Carol Delores Armstrong elected to plead guilty to Count IV under a like plea agreement.

At about the same time, Sherwood was convicted of receiving stolen goods in Hennepin County in respect to a large amount of stolen clothing found in her residence there, for which she would receive a presumptive sentence of 54 months to be served concurrent to her term for committing this crime.[1]

On September 24, 1982, a surveillance team of Minneapolis police officers observed Sherwood and Armstrong drive to Southdale Shopping Center and then to Sherwood's home where the women were seen carrying packages inside.

Fifteen minutes later, the two drove to Rosedale Center in Ramsey County where they were seen to enter a clothing store and then return to their car with Sherwood carrying styrofoam cups and Armstrong carrying packages. They drove to Har-Mar Mall, entered stores for ten minutes and left.

The women drove out of the parking lot at a high rate of speed, ran a stop sign, and with police in pursuit started throwing packages out of the vehicle which were retrieved by police and found to contain articles of stolen clothing.

The pre-sentence report as to both defendants recommended no departure from the Sentencing Guidelines and the Honorable Charles A. Flinn, Jr. followed that recommendation and sentenced Sherwood to 27 months and Armstrong to 19 months, the terms to be executed as the guidelines presumptively provided. Sherwood had six Criminal History Points to Armstrong's four, having been previously convicted of four misdemeanor thefts and five felonies, two thefts, two receiving stolen goods, and one uttering a forged instrument. The nine prior convictions were spread evenly over the entire period from 1966 to 1983.

## ISSUE

Whether being a parent with minor children and claiming a "passive" role constitute such compelling and substantial circumstances to require the trial court to depart dispositionally from the sentencing guidelines.

## ANALYSIS

In *State v. Garcia*, 302 N.W.2d 643 (Minn.1981), "underlying the Guidelines is the notion that the purposes of the law will not be served if judges fail to follow the guidelines in the 'general case.' Thus, in Part II–D of the Guidelines, the Commission states that the judge 'shall' use the presumptive sentence 'unless the individual case involves substantial and compelling circumstances.'" *Id.* at 647.

In *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981), the first case in which a defendant challenged the refusal of the sentencing court to depart from the presumptive term, this Court's opinion provided:

> Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from

---

1. This conviction is presently under appeal.

refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*Id.* at 7.

■■■ We have already determined that, pursuant to *Kindem*, it would be a rare case indeed which would warrant reversal for refusal to depart. *State v. Frey*, 340 N.W.2d 346 at 347 (Minn.App.1983). As noted by the Supreme Court, "ordinarily we will not interfere with a sentence that falls within the presumptive sentence range even if there are grounds that would justify departure." *State v. Back*, 341 N.W.2d 273 at 275 (Minn.1983).

■■■ The guidelines provide that only under substantial and compelling circumstances may a trial court depart. Clearly the trial court has broad discretion in this area because we recognize that it is in the best position to determine if these reasons exist for departing.

■■■ Sherwood contends that, because of her lack of educational attainment, her unemployment, and her history of being an object of child abuse and of social and economic deprivation, the trial court could have departed dispositionally. She further contends that with six dependent children at home, parentage, i.e., her status as a parent, should be recognized as a mitigating factor.

These are all social and economic factors that may not be directly considered as reasons for departure under section II–D–1 of the guidelines. On the other hand, social and economic factors may "bear indirectly on a determination such as whether a defendant is particularly suitable to treatment in a probationary setting." *State v. King*, 337 N.W.2d 674, 675–76 (Minn.1983).

■■■ In the recent case of *State v. Heywood*, 338 N.W.2d 243 (Minn.1983), the court indicated that in deciding whether to depart dispositionally, the trial court can focus more on the defendant as an individual and whether the presumptive sentence would be best for him and for society. In other words, social and economic factors are permissible factors to consider in granting dispositional departures, but not durational departures.

■■■ It is hard to take seriously a claim to leniency because of children at home needing to be cared for, on behalf of a defendant with nine prior convictions and one current conviction for like property offenses extending over a seventeen-year period. This record, moreover, clearly belies any colorable amenability to probationary disposition—which has been tried and has failed so many times before.

In *Kindem*, the defendant, as in the instant case, had claimed that his role was more passive than his co-defendant, but the court was unwilling to second-guess the trial court's determination to impose the presumptive sentence in both cases.

■■■ The Sentencing Guidelines specifically recognize that the defendant's passive role in the crime is a permissible mitigating factor. Again, this determination is best decided at the trial court level. *State v. Back*, 341 N.W.2d 273 at 275 (Minn. 1983); *State v. Carson*, 320 N.W.2d 432, 438 (Minn.1982). The trial court has the function of considering the defendant's passivity and its determination not to depart is clearly a discretionary decision. *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981).

■■■ We do not agree that defendant's behavior was passive. Sherwood admitted at the time of her guilty plea that she knew her accomplice intended to steal merchandise from the Rosedale Shopping Center. By driving her accomplice to the shopping center, she made the commission of the crime possible. As the Supreme Court recently noted, "Even if it could be said that defendant ... played a passive

role in the commission of the crime, the trial court was still under no obligation to depart durationally." *State v. Back,* 341 N.W.2d 273 at 275 (Minn.1983). The same is true for a dispositional departure. It is also noteworthy that Sherwood pled guilty to the crime of conspiracy to receive stolen property; her claim of passivity relative to this crime is totally without merit.

Although *Kindem* declined "entirely to close the door on appeals from refusals to depart," no Minnesota reviewing court as yet has found that "rare" case with truly "compelling circumstances" requiring interference with imposition of the presumptive sentence.

## DECISION

In sum, we find this was not that rare case which warrants a reversal of the refusal to depart. The defendant's criminal history and way of life indicate that a dispositional departure would not only be inappropriate, but meaningless. The determination not to depart was clearly discretionary and we will not interfere with the exercise of that discretion. *State v. Moore,* 340 N.W.2d 671 at 673 (Minn.1983).

Affirmed.