**STATE of Minnesota, Respondent,**

v.

**Sandra Jean WALLNER, Appellant,**

**No. C6–83–1510.**

Court of Appeals of Minnesota.

April 4, 1984.

See also, 346 N.W.2d 349.

C. Paul Jones, State Public Defender, Mollie Raskind, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert Carolan, Dakota County Atty., Hastings, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., without oral argument.

## OPINION

LANSING, Judge.

Defendant appeals the 65-month executed sentence imposed after a plea of guilty to the unlawful sale of a Schedule II controlled substance. In computing defendant's criminal history score, the trial court included five felony convictions that were in the process of appeal. Defendant challenged these inclusions and moved the trial court for either a delay in sentencing or a downward departure from the sentencing guidelines. The trial court denied both motions. We affirm.

On September 23, 1981, Sandra Wallner sold approximately six grams of phencyclidine (PCP) to an undercover police officer in the City of South St. Paul, Dakota County. On January 28, 1982, Wallner was charged with the unlawful sale of PCP in violation of Minn.Stat. § 152.09, subd. 1(1) (1982). While awaiting trial on this charge, she was sentenced on February 19, 1982, in Ramsey County for five felony offenses— possession of PCP, sale of PCP, and three counts of sale of cocaine. The Ramsey County District Court imposed an executed 27-month sentence for the five offenses. This sentence was appealed to the Minnesota Supreme Court.

On October 14, 1982, Wallner entered a plea of guilty to the sale of PCP charge in Dakota County. At the July 14, 1983, sentencing the Dakota County District Court denied Wallner's request for a downward durational departure and imposed the presumptive executed sentence of 65 months.

The issue presented is whether the trial court abused its discretion by refusing to depart from the presumptive sentence and by refusing to continue sentencing until the

Supreme Court decided the separate sentencing appeal.

can petition for postconviction relief under Minn.Stat. § 590.01.

## I

■ The sentencing guidelines provide that the presumptive sentence shall be used "unless the individual case involves substantial and compelling circumstances." Minnesota Sentencing Guidelines, II.D. The Minnesota Supreme Court has expressed hesitancy in interfering with a trial court's refusal to depart downward from a presumptive sentence. *State v. Back*, 341 N.W.2d 273 (Minn.1983). The court explained this policy in *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981):

> [W]e believe that it would be a rare case which would warrant reversal of the refusal to depart. * * * This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

Our court has also recognized the broad discretion of the trial court in this area. *See State v. Pickett*, 343 N.W.2d 670 (Minn. Ct.App.1984); *State v. Sherwood*, 341 N.W.2d 574 (Minn.Ct.App.1983); *State v. Frey*, 340 N.W.2d 346 (Minn.Ct.App.1983).

The defendant has failed to identify any "substantial" or "compelling" reasons warranting a downward departure from the presumptive sentence. Instead, the defendant contends that a downward departure is justified because her criminal history score was affected by an error in the Ramsey County sentencing. The trial court calculates a criminal history score based on a person's present criminal record. Minnesota Sentencing Guidelines and Comments, II.B.101. *Cf. State v. Johnson*, 330 N.W.2d 446 (Minn.1983). In this case, the defendant was convicted of five felony offenses in Ramsey County prior to the Dakota County sentencing. It was proper to base her criminal history score on those convictions. If the Supreme Court decision alters the defendant's criminal history score, she can seek a modification of her Dakota County sentence under Rule 27.03, subd. 9, Minn.R.Crim.P., or she

## II

■ Defendant also contends that the trial court abused its discretion by refusing to continue sentencing until after the resolution of the Supreme Court appeal of the Ramsey County sentence. When an appeal is taken by a defendant, the execution of sentence is not stayed unless a stay is granted by the trial court judge or a judge of the appellate court. Rule 28.02, subd. 6, Minn.R.Crim.P. Although this rule arguably applies only to appeals in the same case where the conviction occurs, the rationale is equally applicable when an appeal is taken in a separate proceeding in a separate county, as was the case here.

The ABA Standards for Criminal Justice Relating to Sentencing Alternatives and Procedures, § 5.4 (1968) state that "[a]s soon as practicable after the determination of guilt and the examination of any presentence report, a [sentencing] proceeding should be held * * *." There has already been a substantial delay in sentencing. Wallner pleaded guilty on October 14, 1982, but was not sentenced until July 14, 1983, almost one and one half years after she was charged, and two years after the offense. In view of the facts of this case, the trial court did not abuse its discretion in refusing to continue sentencing until resolution of the separate Supreme Court appeal.

We hold that the trial court did not abuse its discretion in denying the motion to depart from the presumptive sentence, or in denying the motion to continue sentencing until resolution of the Supreme Court appeal on the earlier unrelated offenses.

Affirmed.