STATE of Minnesota, Respondent,

v.

Steven Mark KNOPPS, Appellant.

No. C1-84-100.

Court of Appeals of Minnesota.

June 12, 1984.

Mark F. Uphus, Willmar, for appellant.

Michael Lynch, Willmar, for respondent.

Considered and decided by LANSING, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Defendant pled guilty to the offense of Criminal Sexual Conduct in the First Degree. He was committed to the custody of the Commissioner of Corrections for confinement for a period of sixty months at the correctional facility for men at Stillwater. He was on probation for a burglary conviction at the time of this offense. He appeals from the court's refusal to depart downward from the sentencing guidelines.

Affirmed.

## FACTS

The victim of the sexual assault in this case was a four-year old child. The defendant, Steven Knopps, admitted that in March, 1983, while babysitting, he inserted his finger into the victim's vagina. He also admits to sexual contact with the child on two prior occasions in 1983.

The presumptive sentence under the guidelines is 65 months. The court's sentence of 60 months was at the lower end of the 60 to 70 months range provided by the guidelines.

## ANALYSIS

Defendant argues that the sentence of 60 months was unreasonable and excessive. He argues that the court abused its discretion by refusing to depart downward because 1) court appointed experts stated defendant was amenable to outpatient treatment, 2) defendant acknowledged his guilt, 3) defendant has learning and development problems, and 4) the harm to the child was less than that usually suffered by victims of first degree criminal sexual assault.

The State, relying on the record in opposing a downward departure, waived the filing of a brief.

■ Trial court judges are given broad discretion in sentencing, *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981), and should depart from the guidelines only when substantial and compelling circumstances are present. Minnesota Sentencing Guidelines II.D. *State v. Wallner*, 346 N.W.2d 386 (Minn.Ct.App.1984). The court carefully explained this rule to the defendant at the time of his plea, and he indicated that he understood.

■ The record indicates that the state corrections agent found, "no information ... in their evaluations which would mitigate the sentence that the Sentencing

Guidelines mandates ...." The agent in an addendum did recommend that defendant be placed in a new program for sexual offenders at the Oak Park Heights facility after initial commitment to the Stillwater State Prison.

Rather than applying the mean presumptive sentence of 65 months, the court imposed an executed sentence of 60 months and recommended that the commissioner consider the defendant for the Oak Park Heights sexual offender program at the appropriate time.

Finally, defendant argues the harm to the child was less than that usually suffered by victims of first degree criminal sexual assault.

We have reviewed more severe and egregious conduct. We point out, however, that the victim is currently being seen by a counselor at a mental health center. We are not in a position to judge the psychological harm that may have been done to this four-year old child and are satisfied the court carefully reviewed the entire record before imposing its sentence.

## DECISION

We affirm the trial court's refusal to depart downward from the presumptive sentence.