**Eric Ladon MASSEY, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CX–84–449.**

Court of Appeals of Minnesota.

July 31, 1984.

Review Denied Oct. 16, 1984.

C. Paul Jones, Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from a post-conviction order denying modification of appellant's sentence. Appellant was given consecutive sentences for his convictions of first degree manslaughter, Minn.Stat. § 609.20 (Supp. 1981), and aggravated robbery, Minn.Stat. § 609.245 (1980). Appellant asserts that the trial court abused its discretion by ordering consecutive rather than concurrent sentences. We disagree and affirm.

## FACTS

On January 25, 1982, appellant Massey pleaded guilty to aggravated robbery and first degree manslaughter. The aggravated robbery incident occurred on October 12, 1981, when Massey drove an accomplice to an area where the accomplice got out and snatched a woman's purse. Massey then picked up the accomplice and drove away. During the purse snatching, the victim's hand was cut and bruised.

The first degree manslaughter occurred on November 23, 1981, when Massey went to the apartment of a friend and had a fight with two other male visitors. During the fight, Massey stabbed one man in the back, causing his death.

On November 25, 1981, Massey was charged with second degree murder in violation of Minn.Stat. § 609.19(1); second degree murder in violation of Minn.Stat. § 609.19(2); and two counts of aggravated robbery in violation of Minn.Stat. §§ 609.-245 and 609.11. On December 16 he was indicted for first degree murder as well. On January 25, 1982, Massey pleaded guilty to aggravated robbery and first degree manslaughter.

At sentencing, Massey's attorney stated: "[a]fter a long and considerable discussion we entered into this plea negotiation and we would ask that the court sentence the defendant according to the plea bargain of a manslaughter one, and an aggravated robbery sentence consecutively." The court sentenced Massey to 65 months for the manslaughter offense, and to 23 months for the aggravated robbery. The two sentences were made consecutive.

Thereafter, Massey petitioned the court to make his sentences concurrent. The post-conviction court denied appellant's pe-

tition by order of February 28, 1984. This appeal followed.

## ISSUE

Did the trial court abuse its discretion by sentencing defendant to consecutive rather than concurrent terms?

## ANALYSIS

■ Appellant concedes he may be sentenced consecutively or concurrently because of his multiple current felony convictions for crimes against different persons. Minnesota Sentencing Guidelines and Commentary II.F.2. He contends, however, that because the trial court had this option, the standard of review is lower than where a guidelines departure is at issue. He further contends a consecutive sentence in this case was not proportional to the severity of his acts.

We find no merit in either contention.

■ 1. Only a rare case warrants reversal for a refusal to depart from the guidelines. *State v. Kinden*, 313 N.W.2d 6, 7 (Minn.1981); *State v. Sherwood*, 341 N.W.2d 574, 577 (Minn.Ct.App.1983). The trial court is in a best position to weigh the various sentencing options and therefore is granted broad discretion in sentencing. *State v. Back*, 341 N.W.2d 273, 275 (Minn. 1983); *Sherwood*, 341 N.W.2d at 577. The fact that the guidelines authorize either consecutive or concurrent sentencing in particular situations is not a justification for limiting that broad discretion. Where the trial court's actions are permitted by the guidelines, this court generally will not interfere absent compelling circumstances. *State v. Freyer*, 328 N.W.2d 140, 142 (Minn.1982); *State v. Montalvo*, 324 N.W.2d 650, 652 (Minn.1982).

■ 2. Appellant contends the trial court abused its discretion by imposing consecutive sentences. In essence, Massey claims compelling circumstances require imposition of concurrent sentences. In support of his position, Massey argues he barely satisfied the statutory prerequisites for aggravated robbery since the injury to the victim was slight, and his role in the robbery was minor or passive.

Mitigating factors such as a minor or passive role are best considered at the trial court level. *Sherwood*, 341 N.W.2d at 577. "The trial court has the function of considering the defendant's passivity and its determination not to depart is clearly a discretionary decision." *Id.*

3. Finally, appellant's counsel specifically requested at sentencing that the sentences run consecutively as per the plea agreement. Clearly, this is not a case where the trial court abused its broad discretion.

## DECISION

Our review supports the trial court's decision to impose consecutive sentences. When both consecutive and concurrent sentencing options are authorized by the Sentencing Guidelines, compelling circumstances must be shown before the trial court's decision will be reversed. Compelling circumstances did not exist in this case, especially in light of defense counsel's specific request at sentencing for consecutive sentences.

Affirmed.