STATE of Minnesota, Respondent,

v.

**Duane E. NOLDER, Appellant.**

**No. C8–84–1695.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Review Denied Feb. 6, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Minn. State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On December 27, 1983, appellant robbed a convenience store at gunpoint, stealing $24. On December 29, 1983, appellant was arrested in Texas for a robbery committed there. Appellant received a 0–5 year sentence for the Texas robbery and was returned to Minnesota to stand trial for the December 27 robbery.

Appellant pleaded guilty to armed robbery and received a presumptive sentence of 60 months in prison to run consecutively with the Texas sentence. The 60 month sentence was the statutory minimum pursuant to Minn.Stat. § 609.11, subd. 5 (1982) because appellant had a 1982 conviction for armed robbery. The trial court refused appellant's request for a sentence to run concurrently with appellant's Texas sentence.

Appellant contends this sentence was "overly harsh" because (1) appellant did not agree to consecutive sentencing, (2) the victim was not injured, (3) only $24 was stolen, (4) the gun was not discharged, and

(5) a concurrent sentence of 60 months is still substantial.

## DECISION

■ Appellant has not shown any compelling circumstances for interfering with a presumptive sentence. The first contention is irrelevant because his plea agreement did not address sentencing. The second, third, and fourth contentions show, at most, an absence of aggravating factors. The length of a concurrent sentence is speculative and, in any case, not a compelling reason to depart from the Sentencing Guidelines. Section II.F. provides:

> *Concurrent/Consecutive Sentences:* When an offender is convicted of multiple current offenses, or when there is a prior felony sentence which has not expired or been discharged, concurrent sentences shall be given in all cases not covered below. The most severe offense among multiple current offenses determines the appropriate offense severity level for purposes of determining the presumptive guideline sentence.
>
> Consecutive sentences may be given only in the following cases:
>
> 1. When a prior felony sentence for a crime against a person has not expired or been discharged and one or more of the current felony convictions is for a crime against a person, and when the sentence for the most severe current conviction is executed according to the guidelines * * *.

Minnesota Sentencing Guidelines II.F.

■ Appellant's prior conviction was for a crime against a person and sentence had not expired. His current conviction is for a crime against a person. This is a fact situation squarely within the Guidelines' provision allowing consecutive sentences.

■ This is a typical case of armed robbery, and we will not interfere with the trial court's proper exercise of discretion. *Massey v. State*, 352 N.W.2d 487, 489 (Minn.Ct.App.1984); *see State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981).

Affirmed.