STATE of Minnesota, Respondent,

v.

Mitchell Brian OLSON, Appellant.

No. C9–84–684.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen. State of Minn., Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Lucy A. Wieland, Asst. County Attys., Minneapolis, for respondent.

Douglas W. Thomson, Deborah Ellis, Thomson & Hawkins, St. Paul, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a 43-month sentence of Olson to the Minnesota Correctional Facility, Stillwater, after a jury conviction of criminal sexual conduct in the first degree. The sentence was within the presumptive sentence range for a severity level VIII offense and a criminal history score of zero. The defendant appeals from his sentence only, seeking a modification.

At sentencing, Olson requested a dispositional departure based upon his alleged amenability to treatment in a probationary setting and urged the trial court to place him in an intense program for sexual offenders at Alpha House. We affirm.

## FACTS

On August 14, 1983, L.P. was walking on Minnetonka Boulevard, in the City of Greenwood, when she was approached by the defendant. Olson put his arm around her throat and pulled her over the guardrail into the bushes next to the roadway where he raped her. Some men who were walking by heard L.P. screaming and stopped to help her. Olson ran off, but was subsequently apprehended by these same men.

At trial, Olson claimed that the act of intercourse was voluntary. He had met L.P. only moments before.

At sentencing, defendant's psychologist testified in support of his motion for a dispositional departure. The essence of the psychologist's testimony was that Olson was amenable to treatment, that Alpha House would be the best treatment pro-

gram available, and that imprisonment could have a negative effect upon Olson's future treatment.

The probation officer and the court-appointed psychologist recommended that the guidelines sentence of imprisonment be imposed. The trial court agreed.

## ISSUE

Did the trial court abuse its discretion in refusing to dispositionally depart from the presumptive sentence based upon defendant's alleged amenability to treatment in a sexual offenders' program?

## ANALYSIS

The Minnesota Supreme Court has held that it generally will not modify a sentence that is within the presumptive range established by the Minnesota Sentencing Guidelines:

Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

*State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981).

This court has already determined that it would be a rare case indeed which would warrant reversal for refusal to depart from the sentencing guidelines.

The guidelines provide that only under substantial and compelling circumstances may a trial court depart. Clearly the trial court has broad discretion in this area because we recognize that it is in the best position to determine if these reasons exist for departing.

*State v. Sherwood,* 341 N.W.2d 574, 577 (Minn.Ct.App.1983).

Is the present matter one of those "rare cases" which warrants reversal of the trial court's decision not to depart?

The thrust of Olson's argument is that he is amenable to treatment and that immediate treatment at Alpha House versus treatment after or during incarceration would minimize the likelihood of recidivist behavior.

Olson's claims are neither compelling nor substantial, and therefore the trial court was correct in not departing from the sentencing guidelines.

Throughout the trial, Olson denied the crime, claiming L.P. consented to the act of sexual intercourse. One who so vehemently denies his crime under these facts does not seem to be one who would be particularly amenable to treatment. Further, neither the probation officer nor the court psychologist perceived appellant's potential amenability to treatment as a sufficient basis to justify a dispositional departure. Moreover, imposition of the presumptive sentence did not deny Olson the opportunity for treatment, but merely left both the timing and place of treatment in the hands of the Commissioner of Corrections.

Olson's second claim, that imprisonment would more likely perpetuate his future criminal behavior, is based upon the testimony of his privately-retained psychologist. Neither the report by the probation officer nor the report by the court psychologist indicates that appellant is more likely to be harmed by the adverse effects in prison than any other person sent to prison for the first time.

## DECISION

The facts in this appeal present no compelling or substantial arguments for a dispositional departure. The trial court did not abuse its discretion in sentencing defendant to prison and refusing to dispositionally depart from the sentencing guidelines by imposing treatment in a sexual offenders' program.

Affirmed.