STATE of Minnesota, Respondent,

v.

Ralph Christ THEISEN, Appellant.

No. C9–84–1995.

Court of Appeals of Minnesota.

March 12, 1985.

Roger S. Van Heel, Stearns Co. Atty., Patrick T. Strom, Asst. Co. Atty., St. Cloud, for respondent.

Steven J. Meshbesher, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

Ralph Christ Theisen (appellant) was charged with two counts of violating Minn. Stat. § 609.3641 (1982), Intrafamilial Sexual Abuse in the First Degree. Appellant waived his right to an omnibus hearing and pled guilty to the lesser included offense of Intrafamilial Sexual Abuse in the Second Degree, Minn.Stat. § 609.3642 subd. 1(2)(e) (1982 and Supp.1983). Appellant's motion for a dispositional departure was denied. Appellant was sentenced to 24 months. Appellant's petition for post-conviction relief was denied. We affirm.

## FACTS

Appellant admitted that among other acts he partially inserted his fingers inside the vagina of T.W. on one or more occasions, that he touched her vagina with his penis when they were both disrobed. From about March 1982 to April 1984, these incidents of sexual contact with T.W. occurred approximately once every two weeks. T.W. was twelve when the incidents began. She is the stepdaughter of appellant.

## ISSUES

1. Did the trial court err by refusing to grant appellant's motion for post-conviction relief on the basis of untimeliness?

2. Did the trial court err by not considering the effect a stayed sentence would have on appellant's family?

3. Did the court err by not departing downward from the presumptive sentence?

## ANALYSIS

■ 1. The statute providing for post-conviction remedy, Minn.Stat. § 590.01 (1982 and Supp.1983), subd. 1 states:

*Except at a time when direct appellate relief is available*, a person convicted of a crime, who claims that the * * * sentence or other disposition made violated his rights under the constitution or laws of the United States or of the state, may commence a proceeding to secure relief by filing a petition in the district court * * *.

*Id.* (emphasis added).

Minnesota Rules Criminal Procedure 28.-02 provides appellant with an appeal as of right from a sentence imposed in a felony case. Since appellate relief was available at the time the motion for post-conviction relief was made, the court did not err in denying the motion as untimely.

2. Appellant argues the trial court erred in failing to consider the effect a stayed sentence would have on his family. Minn.Stat. § 609.3642, subd. 2 (1982 and Supp.1983), provides in part:

* * * Except when imprisonment is required by section 609.346, the court may stay imposition or execution of the sentence if it finds that a stay is in the best interest of the complainant or the family unit.

This provision must be interpreted consistently with the purposes of the Sentencing Guidelines. The Sentencing Guidelines established rational and consistent standards to reduce sentencing disparity. They ensure that sanctions following conviction of a felony are proportional to the severity of the offense and the extent of the offender's criminal history.

■ The court should depart from the guidelines only when substantial and compelling circumstances are present. Minnesota Sentencing Guidelines II.D; *State v. Knopps*, 348 N.W.2d 829 (Minn.Ct.App. 1984); *State v. Wallner*, 346 N.W.2d 386 (Minn.Ct.App.1984).

■ In order to depart from the guidelines and order a stay in this case, the trial

court must find both (a) that it is in the best interest of complainant or family, Minn.Stat. § 609.3642, subd. 2; and (b) that there is a substantial and compelling circumstance warranting the departure, Minnesota Sentencing Guidelines II.D (cites omitted).

The trial court said it had given a "great deal of thought and reflection" to the impact on appellant's family. However, the court decided that there was no substantial and compelling circumstance justifying a departure from the guidelines. Therefore, the court was correct in not granting the § 609.3462, subd. 2, stay.

Moreover, appellant waived the right to a more thorough investigation by his conduct at the sentencing hearing. He did not supplement the record by additional testimony at the hearing nor request a continuance so he could present additional evidence. Therefore, he must be deemed to have waived that right. *See State v. Booker*, 348 N.W.2d 753, 755–56 (Minn. 1984).

3. Appellant also argues that the trial court relied on improper considerations in its sentencing deliberations. Specifically, he contends that the court improperly considered his plea bargain. He also argues that the court considered as an aggravating factor the presence of multiple acts, despite the fact that the crime's definition embodies multiple acts. Minn.Stat. § 609.3642, subd. 1(2)(e) (1982 and Supp. 1983). It would have been improper to consider the plea as an "aggravating factor."

Here, the court used the presumptive guidelines for sentencing. According to law, the court must expressly give reasons for *departing* from the guidelines, but need not express reasons for using them. In *State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981), the Minnesota Supreme Court stated:

> [W]e do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal

of the refusal to depart. As we stated in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

The essence of this appeal is that appellant is an excellent candidate for treatment in a sexual abuse program, the imprisonment would have a detrimental impact on his family, and his sentence should therefore be stayed. The trial court did not abuse its discretion in refusing to depart dispositionally from the presumptive sentence based upon defendant's alleged amenability to treatment in a sexual offenders' program. *See State v. Olson*, 359 N.W.2d 53 (Minn.Ct.App.1984). There was no error.

### DECISION

The decision of the trial court is affirmed.