**Eugen S. WILLIAMS,**
**petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C3–84–1622.**

Court of Appeals of Minnesota.

April 9, 1985.

C. Paul Jones, Minn. State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Eugen Williams robbed a convenience store and was convicted by a jury of first-degree assault, Minn.Stat. §§ 609.-221, 609.11, 609.05 (1982), and two counts of aggravated robbery, §§ 609.245, 609.11, 609.05 (1982). On appeal he contends the trial court abused its discretion in sentencing him consecutively to three 54-month sentences and erred in maintaining the original sentence rather than imposing the reduced presumptive mandatory minimum sentence under Minn.Stat. § 609.11. We affirm.

## FACTS

On April 22, 1982, Williams and an accomplice robbed the Short Stop Superette in Richfield, Minnesota. At least 16 people were in the store, including two children. Williams brandished a gun, announced "This is a holdup," and ordered everyone to lie on the floor. He grabbed $17 and a wallet from one person, while the accomplice, who had a knife, removed the money from the cashier's till. Williams was charged with two counts of aggravated robbery for these acts. He also struck two customers on the head with a hard object, which witnesses described as the handle of a gun. As the robbers were leaving, he shot and injured someone else. Williams was charged with first-degree assault for the shooting.

Williams was convicted of all three of the charges and sentenced to two consecutive terms of 54 months for the two counts of aggravated robbery pursuant to the mandatory minimum sentence, *see* Minn.Stat. § 609.11, and a consecutive term of 65 months for the assault. The sentence for assault was based on an incorrect criminal history score, *see State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), and the trial court reduced the assault sentence to 54 months. The postconviction court also reviewed the effect of the November 1, 1983, reductions in the presumptive mandatory minimum sentences as applied to Williams and main-

tained the original sentence, providing reasons for the departure.

## ISSUES

1. Did the trial court abuse its discretion in imposing consecutive sentences?

2. Did the trial court abuse its discretion in refusing to reduce appellant's sentence following the November 1, 1983, reductions in the presumptive sentence for the mandatory minimum sentences?

## ANALYSIS

### I

■ Section II.F. of the Minnesota Sentencing Guidelines permits the imposition of consecutive sentences for multiple offenses involving multiple victims. Because there were multiple victims here, consecutive sentencing did not constitute a departure; and although the sentences are substantial, they do not unfairly exaggerate the criminality of Williams' conduct. The armed robbery and shooting occurred while holding customers captive and are substantial offenses. The terror that he undoubtedly caused in 16 people, together with the physical injuries caused to three, warrant serious penalties. Appellant's sentence will not be disturbed on appeal, as we find no abuse of discretion. *See Massey v. State,* 352 N.W.2d 487 (Minn.Ct.App.1984); *State v. Kindem,* 313 N.W.2d 6 (Minn. 1981); *State v. Nolder,* 357 N.W.2d 370 (Minn.Ct.App.1984).

### II

■ Despite the November 1, 1983 reduction in presumptive mandatory minimum sentences, the trial court may maintain a previously imposed presumptive sentence if the durational departure is justified by aggravating factors. *See Williams v. State,* 361 N.W.2d 840 (Minn.1985); *State v. Northard,* 348 N.W.2d 764 (Minn.Ct.App. 1984). A review of the record reveals aggravating factors sufficient to justify the limited durational departure in this case.

First, multiple victims were threatened. At least 13 other people besides the victims referred to in the charged offenses were endangered, including two children. *See, e.g., State v. Profit,* 323 N.W.2d 34, 36–37 (Minn.1982); *State v. McClay,* 310 N.W.2d 683, 685 (Minn.1981); *State v. Anderson,* 356 N.W.2d 453, 455 (Minn.Ct.App.1984).

Second, Williams was responsible for treating two bystanders with particular and gratuitous cruelty by striking them on the head with a gun. *See* Minnesota Sentencing Guidelines II.D.2.b.(2). One required stitches while the other suffered bleeding, and both of them required treatment at a hospital. We do not agree with Williams that they were struck to facilitate the commission of the robbery; cruelty of this kind is not usually associated with the robbery of other victims. Under the circumstances we believe it was gratuitous. *See State v. Morales,* 324 N.W.2d 374, 377 (Minn.1982).

The trial court filed a report noting these reasons for departure. We find no error in the trial court's decision.

## DECISION

Appellant's consecutive sentences are affirmed.

Affirmed.