**Mark Eugene WAKEFIELD, Petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C2–85–763.**

Court of Appeals of Minnesota.

Oct. 8, 1985.

Harry E. Eliason, Hibbing, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis Co. Atty., Peter M. Banovetz, Asst. Co. Atty., Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

## FACTS

Appellant Mark Wakefield pleaded guilty to intrafamilial sexual abuse in the first degree, Minn.Stat. § 609.3641, subd. 1 (1984), involving an act of oral sex with his stepdaughter which occurred in 1982. At the time of the incident, appellant was a deputy St. Louis County Sheriff with almost 20 years experience in law enforcement. Appellant admitted the offense to a B.C.A. agent in 1984 while he was receiving treatment for alcoholism.

The presentence investigation report included an evaluation by Dr. Claire Bell, a licensed psychologist with the Range Mental Health Clinic in Virginia, Minnesota. Dr. Bell could not strongly recommend treatment as an alternative to the presumptive guidelines sentence of 43 months imprisonment. She noted that "Mark's motivation for treatment appears to be lacking. His concern seems to be focused more on avoidance of incarceration and a restricted

environment." The probation officer recommended the presumptive sentence.

At the sentencing hearing, appellant requested a dispositional departure. Dr. Bell testified along the lines of her report, stating that motivation and desire for treatment are essential prerequisites for making adequate progress in sexual abuse therapy. The trial court indicated that it had given this sentence months of thought, but could find no reasons for departure. The court sentenced appellant to 43 months imprisonment and recommended appellant be transferred to the Minnesota Correctional Facility at Lino Lakes for sexual abuse treatment. Appellant was transferred to the Lino Lakes Correctional Facility.

Appellant subsequently filed a petition for post-conviction relief. In denying this requested relief, the trial court noted that the victim's desires not to have appellant serve prison time did not provide a substantial and compelling basis for departure. The court concluded that the post-conviction hearing testimony of appellant, his wife, and the victim failed to "supersede or diminish the findings of the psychological evaluation of Dr. Bell." Appellant appeals, claiming the trial court abused its discretion in failing to depart dispositionally.

## DECISION

As the trial court noted in its memorandum accompanying its denial of the post-conviction relief petition:

> while the feelings of a victim are an element of the Court's determination in sentencing a defendant, the facts of this case and the conclusions contained in the P.S.I. and the psychologist's report all indicate that it would not be in the best interest of anyone, including the victim, for the Court to depart from the Sentencing Guidelines and make a downward dispositional departure from the presumptive sentence.

Appellant has not demonstrated any abuse of discretion. References in appellant's brief to cases where the supreme court has upheld dispositional departures are simply not persuasive when the issue

on appeal is whether the trial court abused its discretion in not departing. *See State v. Kindem*, 313 N.W.2d 6, 7 (Minn.1981); *State v. Olson*, 359 N.W.2d 53, 54 (Minn.Ct. App.1984). Appellant's contentions that, as a former law enforcement officer, he would be subject to unusual abuse in prison is not borne out by the facts and is not a mitigating circumstance in any event as personal safety is a matter for the correctional authorities. *See State v. Farr*, 357 N.W.2d 163, 167–68 (Minn.Ct.App.1984).

Affirmed.