*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1376
A15-1377**

State of Minnesota,
Appellant,

vs.

Daniel Alvin Hennen,
Respondent.

**Filed April 11, 2016
Affirmed
Reilly, Judge**

Scott County District Court
File Nos. 70-CR-14-20898, 70-2002-11575

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Frank Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges respondent's sentences on his conviction of second-degree criminal sexual conduct and two convictions of first-degree criminal sexual conduct.

Appellant argues that the district court abused its discretion by imposing concurrent sentences and by imposing the presumptive guideline sentence on the conviction of first-degree criminal sexual conduct that was sentenced last. Because the district court did not abuse its discretion when sentencing respondent, we affirm.

**FACTS**

In 2003, respondent Daniel Alvin Hennen pleaded guilty to first-degree criminal sexual conduct and admitted to sexually penetrating V.M.A. in 1996 or 1997 when she was under the age of 13. He also entered *Alford* pleas to first-degree criminal sexual conduct for sexually penetrating C.M.H. and to second-degree criminal sexual conduct for engaging in sexual contact with K.M.H. in 2001 when both girls were under the age of 16. Hennen previously operated a foster home with his wife and had served as a foster parent to the three girls. The district court imposed consecutive sentences for the crimes. Hennen was committed for 96 months for the crime against V.M.A. Execution of a 144-month commitment for the crime against C.M.H. was stayed, and Hennen was placed on probation for 30 years beginning upon completion of his executed sentence. Execution of a 78-month commitment for the crime against K.M.H. was also stayed, and Hennen was placed on probation for an additional 25 years. The sentence of 78 months was later amended to 88 months to reflect a corrected criminal-history score.

R.E.F., another former foster daughter, later came forward with allegations that she also was sexually abused by Hennen. In 2015, Hennen pleaded guilty to first-degree criminal sexual conduct and admitted to sexually penetrating R.E.F. in 1994 or 1995 when she was under the age of 13. He waived his right to a hearing on aggravated-sentencing

2

factors. He also admitted that he had violated the terms of his probation by having unsupervised contact with at least one juvenile female and by viewing pornography. At the sentencing and probation-violation-disposition hearing, appellant State of Minnesota requested an upward-durational-departure sentence of 302 months for the crime against R.E.F. and execution of Hennen's previously stayed sentences. Hennen requested a downward-departure sentence and continuation of probation. The district court recognized that several aggravated-sentencing factors existed but imposed the presumptive sentence under the Minnesota Sentencing Guidelines and committed Hennen for 146 months for the crime against R.E.F. The district court also executed the previously stayed sentences and ordered that all three sentences be served concurrently.

This appeal follows.

## DECISION

An appellate court "may review [a] sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2014). Appellate courts "afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). "A court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Ouk v. State*, 847 N.W.2d 698, 701 (Minn. 2014) (quotation omitted).

# I.

The state first argues that the district court abused its discretion by ordering that Hennen's three sentences be served concurrently rather than consecutively. Consecutive sentencing for the crimes against C.M.H., K.M.H., and R.E.F. was permissive. *See* Minn. Sent. Guidelines II.F (2000) ("Multiple current felony convictions for crimes against persons *may* be sentenced consecutively to each other[.]" (emphasis added)); Minn. Sent. Guidelines II.F (1994) (stating that a consecutive sentence "*may* be given . . . [w]hen a prior felony sentence for a crime against a person has not expired or been discharged and . . . the current felony conviction[] is for a crime against a person, and when the sentence for the . . . current conviction is executed according to the guidelines" (emphasis added)). The state concedes that the imposition of concurrent sentences was not a departure from the sentencing guidelines. And the district court, in executing the previously stayed consecutive sentences, had discretion to modify the sentences to run concurrently. *See State v. Hockensmith*, 417 N.W.2d 630, 632-33 (Minn. 1988) (stating that district court executing previously stayed consecutive sentences has discretion to modify sentences to run concurrently).

The state contends that concurrent sentencing is "not commensurate with Hennen's culpability and understate[s] his criminality." The state compares this case to *State v. Warren*, where the supreme court declared:

> In cases where the state challenges the trial court's imposition of concurrent sentences for multiple convictions of first degree murder involving more than one victim, we will consider whether the sentences are commensurate with the defendant's culpability and not an understatement of the defendant's

4

criminality and we will continue to be guided by the sentences imposed on other offenders.

592 N.W.2d 440, 451-52 (Minn. 1999) (concluding that district court abused discretion by imposing concurrent sentences on three convictions of first-degree murder). We note that *Warren* involved multiple convictions of first-degree murder, which "is the most serious offense of which a defendant can be convicted in Minnesota." *See Carlton v. State*, 816 N.W.2d 590, 610 (Minn. 2012). We have found no other Minnesota case reversing concurrent sentencing when consecutive sentencing was permissive.

We recognize the depravity, severity, and the reprehensibility of Hennen's offenses against vulnerable children entrusted to his care. And we acknowledge that we have previously indicated that consecutive sentencing is appropriate in cases involving multiple crimes of criminal sexual conduct against multiple victims. *See, e.g.*, *State v. Cermak*, 442 N.W.2d 822, 824 (Minn. App. 1989) ("To sentence [appellant] consecutively [on five convictions of first-degree criminal sexual conduct involving five victims] does not exaggerate the criminality of his offense. To the contrary, a concurrent sentence in this instance would seem to do the opposite."). But we also afford district courts broad discretion to determine whether to impose concurrent or consecutive sentences when consecutive sentencing is permissive under the sentencing guidelines. *See, e.g.*, *State v. Vang*, 847 N.W.2d 248, 264 (Minn. 2014) ("Consecutive sentencing of multiple felonies with multiple victims is permissive and within the broad discretion of the district court." (quotation omitted)); *Massey v. State*, 352 N.W.2d 487, 489 (Minn. App. 1984) ("When both consecutive and concurrent sentencing options are authorized by the Sentencing

Guidelines, compelling circumstances must be shown before the trial court's decision will be reversed."), *review denied* (Minn. Oct. 16, 1984). In this case, Hennen completed one executed sentence for his sexual conduct, his sentences for the crimes against C.M.H. and K.M.H. were originally stayed, and he has had only one probation violation. The offense for which he was most recently sentenced predated the offenses for which he was sentenced more than a decade ago. The record of the sentencing hearing reflects that the district court was apprised of the circumstances of this case and determined that concurrent sentencing was appropriate. On this record, we conclude that the district court did not abuse its broad discretion by imposing concurrent sentences.

**II.**

The state also argues that the district court abused its discretion by declining to impose an upward-durational-departure sentence for the crime against R.E.F. "The sentences provided in the Sentencing Guidelines Grid are presumed to be appropriate for every case." Minn. Sent. Guidelines II.D (1994). "The judge shall utilize the presumptive sentence provided in the sentencing guidelines unless the individual case involves substantial and compelling circumstances." *Id.*; *see also Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003) ("Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." (quotation omitted)). "When such circumstances are present, the judge *may* depart from the presumptive sentence . . . ." Minn. Sent. Guidelines II.D (1994) (emphasis added). But a district court is not required to depart if circumstances that would support departure exist. *See, e.g.*, *State v. Jackson*, 749 N.W.2d 353, 360 (Minn. 2008) ("If a jury finds facts that support a

6

departure from the presumptive sentence, the court may exercise discretion to depart but is not required to depart.").

An appellate court "generally will not interfere with a sentencing court's decision to impose a term within the presumptive sentence range." *State v. Kangbateh*, 868 N.W.2d 10, 14 (Minn. 2015); *see also State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (stating that appellate courts "will not ordinarily interfere with a sentence falling within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure" (quotation omitted)); *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010) ("Presumptive sentences are seldom overturned." (quotation omitted)), *review denied* (Minn. July 20, 2010). The supreme court has stated that "it would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

When sentencing Hennen for the crime against R.E.F., the district court explicitly considered several relevant aggravated-sentencing factors, including that "the crime was committed in the victim's zone of privacy," "[t]he victim was particularly vulnerable," "Hennen enjoyed a position of trust," "[t]he victim was treated with particular cruelty [in that Hennen] ejaculated in her mouth," "[t]he victim has suffered permanent psychological injury," "[t]he crime involved unusual planning and sophistication," and "[m]ultiple acts and variety of acts." The district court decided to impose the presumptive guideline sentence despite these factors. "We will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*,

831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). Because the record of the sentencing hearing reflects that the district court did carefully consider all of the circumstances of this case before sentencing Hennen for the crime against R.E.F., we conclude that the district court did not abuse its discretion by imposing the presumptive guideline sentence.

**Affirmed.**