*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1749**

State of Minnesota,
Respondent,

vs.

TreVonne Cortez Green,
Appellant.

**Filed September 30, 2024**
**Affirmed**
**Slieter, Judge**

Ramsey County District Court
File No. 62-CR-23-795

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rebecca Ireland, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Slieter, Presiding Judge; Reyes, Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

On direct appeal from the final judgment of conviction of unlawful possession of a firearm, appellant challenges his sentence, arguing that the district court abused its

discretion by denying his motion for a downward durational departure. Because the district court acted within its discretion by imposing the presumptive sentence, we affirm.

## FACTS

Respondent State of Minnesota charged appellant TreVonne Cortez Green with unlawful possession of a firearm and unlawful possession of ammunition in violation of Minn. Stat. § 624.713, subd. 2(b) (2022). The complaint alleged that a police officer stopped Green's car for speeding and, during a search of the car, found marijuana and a gun with an extended magazine and ammunition. Green had four prior convictions for drug possession, violating a domestic-abuse no-contact order, first-degree aggravated robbery, and terroristic threats. According to the complaint, Green was ineligible to possess firearms or ammunition due to the prior convictions of drug possession, aggravated robbery, and terroristic threats, any of which independently made him ineligible to possess a firearm or ammunition.

Green entered a plea of guilty to one count of unlawful possession of a firearm and the state dismissed the remaining charge. The parties did not have an agreement as to sentencing and Green acknowledged that the offense carried a statutory minimum sentence of 60 months in prison. Green agreed that he knew he was ineligible to possess a firearm due to his prior convictions. The district court determined that Green provided a sufficient factual basis and accepted his plea. As part of the plea agreement, the district court conditionally released Green to a residential treatment program pending sentencing. Green later left treatment prior to completion, violating the conditions of his release. In response, the district court revoked his conditional release and issued a warrant for his arrest.

2

Green returned to court for sentencing in August 2023 and moved for a downward durational departure. The state urged the district court to impose the presumptive sentence. The district court denied Green's request and committed him to the commissioner of corrections for 60 months, the statutory minimum sentence.

Green appeals.

## DECISION

"[Appellate courts] afford the [district] court great discretion in the imposition of sentences and reverse sentencing decisions only for an abuse of that discretion." *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014) (quotation omitted). The Minnesota Sentencing Guidelines prescribe presumptive sentences for felony offenses. Minn. Sent'g Guidelines 2.C (2022). For any particular offense, the guidelines sentence is "presumed to be appropriate for all typical cases sharing criminal history and offense severity characteristics." Minn. Sent'g Guidelines 1.B.13 (2022). A district court must impose a sentence within the guidelines "unless there exist identifiable, substantial, and compelling circumstances that distinguish a case and overcome the presumption in favor of the guidelines sentence." *Soto*, 855 N.W.2d at 308.

Green challenges the district court's denial of his request for a downward durational departure. A durational departure is a sentence that departs in length from the presumptive sentence. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016); Minn. Sent'g Guidelines 1.B.5.b (2022). It is "justified if the defendant's conduct is significantly less serious than that typically involved in the commission of the offense." *State v. Mattson*, 376 N.W.2d 413, 415 (Minn. 1985). A durational departure is based on factors that reflect the

3

seriousness of the offense, not the characteristics of the offender. *Solberg*, 882 N.W.2d at 624-25. Green asserts that the district court incorrectly treated his motion as a request for a dispositional departure, rather than a durational departure, because it improperly considered offender-based characteristics instead of offense-based characteristics.

The record does not support this argument. Green is correct that a dispositional departure "typically focuses on characteristics of the defendant that show whether the defendant is particularly suitable for individualized treatment in a probationary setting." *Id.* at 623. A durational departure, by contrast, considers whether the defendant's conduct was "significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Rund*, 896 N.W.2d 527, 532 (Minn. 2017) (quotations omitted). But Green's argument overlooks that, although the district court is required to give reasons for a departure, an explanation is not required when the court considers reasons for departure but elects to impose the presumptive sentence. *State v. Theisen*, 363 N.W.2d 867, 869 (Minn. App. 1985), *rev. denied* (Minn. May 18, 1985); *State v. Van Ruler*, 378 N.W.2d 77 (Minn. App. 1985) (noting that an "explanation is not required" for the denial of a durational departure, provided that the district court considered the arguments and the defendant was sentenced to the presumptive sentence).

In denying Green's request, the district court "carefully evaluated all the testimony and information presented" before imposing the statutory minimum 60-month prison sentence. *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013), *rev. denied* (Minn. Sept. 17, 2013). Our review of the record supports the district court's determination. Green was adjudicated guilty of unlawful possession of a firearm in violation of Minn. Stat.

4

§ 624.713, subd. 1 (2022). It is uncontested that he has three prior felony convictions for crimes of violence for drug possession, aggravated robbery, and terroristic threats. Green's conviction for possessing a firearm illegally carries a mandatory minimum five-year prison term. Minn. Stat. § 609.11, subd. 5(b) (2022). The district court imposed this presumptive sentence.

When presented with a motion from a prosecutor, or on its own motion, the district court may sentence a defendant without regard to the mandatory minimum sentences established in section 609.11 "if the court finds substantial and compelling reasons to do so." *Id.*, subd. 8(a). The prosecutor did not file such a motion and the district court declined to depart. Although the district court was not required to explain its reason for denying Green's departure request, it provided the following rationale for its decision, stating that:

> It does your kids no good [if] you are in prison, and that's why I don't want you in prison. I do try to do everything I can so I have reason to keep you out of prison. I release you, I say go get help, the help that you need, and now here we are. You're back in jail and you don't do what you're supposed to do. And your attorney want[s] to help you as well. He did everything he could under the law. He filed motions, he made arguments so that you don't go to prison, but you don't do anything at all to help him. You don't even show that you're able. If you have chemical issues, take care of it so that he can come to me and argue and say Judge, my client has chemical issues. That's what led to all of this. Now, he's taking care of his issue so please keep him in treatment, keep him with his family. And you don't do that any of that. So at some point, now is said and done with this case. But for the future, you want [to] do something for you and your kids, then you act on your own. Take care of your mental health or the chemical [issues]. Take care of the issue so that you will be able to be here for your kids.
>
> . . .

5

> You did plead guilty to Count I. If I have not done so, I am adjudicating you guilty of that count. And the Court does not find there's any substantial and compelling reason for a durational departure, so the Court is committing you to the Commissioner of Corrections for 60 months.

We are satisfied that this colloquy shows that the district court heard and considered all of the arguments of counsel before imposing the presumptive sentence.

Green also argues that his offense was less serious than the typical offense because the gun was located in a closed envelope in the glove compartment and he did not brandish or use the weapon. The district court did not find these arguments compelling as reflected by its determination that there exists no substantial and compelling reasons for a durational departure. And, as stated, an explanation is not required when the court considers reasons for the requested departure but imposes the presumptive sentence. *Theisen*, 363 N.W.2d at 869. Further, even if Green had put forward a compelling reason to depart on the ground that his conduct was significantly less serious than a typical unlawful-possession case, the district court was not required to grant that request. *See State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006) (recognizing that, even if grounds for departure exist, a guidelines sentence is presumed to be appropriate and will not ordinarily be disturbed). We therefore conclude that the district court acted within its discretion by denying a durational departure.

**Affirmed.**