**STATE of Minnesota, Respondent,**

v.

**DuWayne C. JOHNSON, Appellant.**

**No. C2–82–1297.**

Supreme Court of Minnesota.

Feb. 25, 1983.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Janet Newberg Anderson, Sp. Asst. Attys. Gen., St. Paul,

Larry Mickelberg, County Atty., Moorhead, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal which raises an issue concerning the proper method of computing an offender's criminal history score under the Minnesota Sentencing Guidelines.

Defendant committed several offenses in North Dakota, then used a firearm in committing an aggravated robbery in Minnesota. After pleading guilty in Minnesota to the robbery, defendant was returned to North Dakota, where he pleaded guilty to the North Dakota charges. For those offenses defendant received concurrent 5-year terms. Subsequently, on August 6, 1982, defendant was sentenced in Minnesota.

In computing defendant's criminal history score, the presentence investigator used the North Dakota offenses for which defendant was sentenced. This meant that defendant's criminal history score was five instead of two. As a result, the presumptive sentence for the aggravated robbery was 81 (75–87) months in prison, rather than the 54-month term that would have been imposed, pursuant to Minn.Stat. § 609.11, subd. 5 (1982), and Minnesota Sentencing Guidelines and Commentary, II.E. (1982), if the North Dakota offenses had not been used. The trial court sentenced defendant to 81 months in prison.

On this appeal defendant contends that it was unfair to use the North Dakota convictions in computing his criminal history score because if he had been sentenced in Minnesota first then the North Dakota convictions could not have been used.

Minnesota Sentencing Guidelines and Commentary, II.B.1. (1982), established a general rule, subject to some conditions not relevant here, that an offender's felony point total is computed by assigning the offender "one point for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing."

That rule was followed in this case, giving defendant a total of four felony points, which, when added to his one custody status point, gave him a criminal history score of five.

Defendant contends that he should receive the sentence he would have been able to receive if he had been able to be sentenced in Minnesota first. However, the North Dakota offenses were committed before the Minnesota offense, so it clearly was proper that defendant was sentenced in North Dakota first. *Cf.* Minnesota Sentencing Guidelines and Commentary, II.B. 101. (1982) (in using the so-called *Hernandez* method of computing a defendant's criminal history scores for multiple offenses sentenced on the same day, the trial court should sentence the defendant in the order that the offenses occurred). Further, there is no evidence that the prosecuting attorney manipulated the Guidelines to obtain a harsher sentence than was proper.

In summary, we conclude that the Guidelines were properly applied and that defendant was sentenced fairly.

Affirmed.