STATE of Minnesota, Respondent,

v.

Bruce Gaylon ANDERSON, Appellant.

No. C3–84–1281.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Defendant Bruce Gaylon Anderson was convicted of criminal negligence resulting in the death of Larry Ebel. Anderson appeals his sentence, contending that the record fails to support either the trial court's dispositional or durational departure from a presumptively stayed sentence of 18 months. We affirm.

## FACTS

Late one night Anderson drove his automobile onto southbound 35W from the 36th Street entrance ramp. The two eastern lanes of southbound 35W were closed for road maintenance. The division between the open and closed lanes was marked by orange traffic cones. Anderson drove down the closed lanes at an admittedly excessive rate of speed.

According to construction crew members working on the closed lanes, Anderson drove down the closed lanes at 70 to 80 miles per hour. He drove between a dump truck parked in the eastern most blocked off lane and a pickup truck parked on the shoulder. He struck and killed construction worker Larry Ebel. The impact of the collision threw Ebel's body 119 feet and tore off his shoes and socks.

Anderson knew he hit something but continued to drive. He parked his disabled car at 55th Street and Park Avenue and called his mother to pick him up. The next morning after being informed that there had been a fatal accident at 35W and 46th Street involving a car like his, Anderson turned himself in and told police that he may have been involved in the accident.

Anderson admitted that he had been drinking and that he was under the influence of alcohol when he drove onto 35W. He had consumed six or seven rum cokes and approximately five beers.

Anderson was charged with two counts of criminal vehicular operation, failure of driver to stop, and failure of driver to notify police. Anderson pleaded guilty to one count of criminal vehicular operation resulting in death, Minn.Stat. § 609.21, subd. 1 (Supp.1983) (causing the death of another while operating a motor vehicle in a grossly negligent manner). The offense carries a statutory maximum of five years in prison. Since his criminal history score was zero, the presumptive sentence under the sentencing guidelines is 18 months stayed. The trial court sentenced him to 24 months in prison.

## ISSUE

Was the sentencing court justified in departing both durationally and dispositionally from the presumptive sentence?

## ANALYSIS

Anderson contends that none of the factors relied upon by the sentencing judge were sufficient to support either a durational or dispositional departure.

■ The Minnesota Sentencing Guidelines provide that a judge may depart from a presumptive sentence only if substantial and compelling circumstances exist. Minn. Sentencing Guidelines II.D. If the record supports findings that substantial and compelling circumstances exist, this court will not modify the departure unless it has a "strong feeling" that the sentence is disproportional to the offense. *See State v. Schantzen*, 308 N.W.2d 484, 487 (Minn. 1981).

■ The trial court based both its dispositional and durational departures upon the finding that Anderson's conduct was significantly more serious than that usually associated with the offense in question. A court is not barred from using the same aggravating circumstances to justify both a dispositional and durational departure. *State v. Lalli*, 338 N.W.2d 419, 421 (Minn. 1983).

■ The Minnesota Supreme Court has affirmed execution of a presumptively stayed sentence because of the egregiousness of the conduct of the defendant in a similar criminal negligence case. *State v. Gartland*, 330 N.W.2d 881, 883 (Minn. 1983). In *Gartland* the defendant pleaded guilty to two counts of criminal negligence resulting in death. Minn.Stat. § 609.21 (1982). The defendant, who had been drinking, drove at a high rate of speed in a residential neighborhood. He hit a car which was in an intersection and killed both occupants. The impact was such that he pushed the car approximately 50 yards. He then left the scene. The Supreme Court agreed with the trial court that the case was not the usual or typical case of

death by criminal negligence and that the defendant's conduct was "aggravated in the extreme." *Gartland,* 330 N.W.2d at 883.

■ This case is equally egregious. Anderson's conduct clearly represented a greater than normal danger to the safety of other people. *See State, County of Hennepin v. McClay,* 310 N.W.2d 683, 685 (Minn.1981). He intentionally drove his car at an excessive rate of speed in an area which was obviously blocked off for construction work. Anderson endangered all of the construction workers in the protected area. His speed was so great that when he hit Ebel, Ebel's body was thrown 119 feet and his shoes and socks were torn off. The impact disabled Anderson's car.

The egregiousness of Anderson's conduct also justifies a durational departure.

The general issue that faces a sentencing court in deciding whether to depart durationally is whether the defendant's conduct was significantly more or less seri-ous than that typically involved in the commission of the crime in question. *State v. Cox,* 343 N.W.2d 641, 643 (Minn. 1984).

The record supports a finding that Anderson's conduct represented a significantly greater danger to the safety of others than is usual in a typical case of criminal negligence resulting in death. This significantly more serious conduct justifies the six month upward departure from the presumptive sentence.

### DECISION

We affirm the trial court's decision to depart both durationally and dispositionally from the presumptive sentence.

Affirmed.