**STATE of Minnesota, Respondent,**

v.

**Kenneth A. RONNING, Appellant.**

**No. C6–84–285.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., T. Frank Norton, Asst. County Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Jonathan G. Steinberg, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal challenges the sentence imposed for appellant's convictions of burglary and wrongfully obtaining assistance. Appellant Kenneth Ronning contends (1) his criminal history score was improperly calculated, (2) the trial court should have departed downward durationally, and (3) the evidence was insufficient to sustain his conviction for wrongfully obtaining assistance. We affirm.

## FACTS

While on AFDC, appellant and his wife submitted family income reports which failed to report appellant received unemployment compensation from January to June 1982. As a result, the Ronnings received about $1100 in AFDC overpayments. An investigation led to a jury trial and a conviction for wrongfully obtaining assistance on September 28, 1983.

On February 1, 1983 appellant was informed by his then separated wife that she was going to Florida with a male friend. In the early hours of February 2, appellant went to his wife's apartment, kicked open the door and assaulted his wife. She suffered a split lip, had bruises on her face, chest, neck and legs and had hearing difficulty for several days. Appellant pleaded guilty to burglary on September 13, 1983.

Sentencing for appellant's burglary and wrongfully obtaining assistance was done at the same time: (a) one year and one day stayed, with 24 months probation for wrongfully obtaining assistance, and (b) a concurrent executed sentence of 32 months for burglary, using the wrongfully obtaining assistance conviction to generate a criminal history score of one.

## ISSUES

1. Did the trial court properly use appellant's AFDC assistance conviction in computing his criminal history score for burglary?

2. Did the trial court abuse its discretion in not departing durationally from the presumptive sentence?

3. Was the evidence sufficient to convict appellant of wrongfully obtaining assistance?

## ANALYSIS

I.

Appellant claims the trial court abused its discretion by counting the AFDC assistance conviction in his criminal history score when sentencing him for burglary. We disagree.

The Minnesota Sentencing Guidelines II. B.101 states:

When multiple current offenses are sentenced on the same day, sentencing should occur in the order in which the offenses occurred.

*Id.*

In *State v. Johnson,* 330 N.W.2d 446 (Minn.1983), the defendant committed offenses in North Dakota and then committed an aggravated robbery in Minnesota. He pleaded guilty in Minnesota and was then returned to North Dakota where he pleaded guilty. The Minnesota court then sentenced him and used the North Dakota convictions in computing his criminal history score. In approval, the supreme court said:

Defendant contends that he should receive the sentence he would have been able to receive if he had been able to be sentenced in Minnesota first. However, the North Dakota offenses were committed before the Minnesota offense, so it clearly was proper that defendant was sentenced in North Dakota first. * * * Further, there is no evidence that the prosecuting attorney manipulated the Guidelines to obtain a harsher sentence than was proper.

*Id.* at 447 (citation omitted).

In this matter, no evidence suggests the Guidelines were manipulated by the prosecutor to obtain a harsher sentence. We conclude appellant was sentenced properly and fairly.

## II.

Appellant pleaded guilty to violating Minn.Stat. § 609.58, subd. 2(1)(b) (1982) which states:

Whoever enters a building without the consent of the person in lawful possession * * * with intent to commit a crime in it, commits burglary and may be sentenced as follows:

(1) To imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both, if:

* * * * * *

(b) The building entered is a dwelling and he possesses a dangerous weapon when entering or while in the building or he commits an assault on a person present therein.

*Id.* Appellant contends this should be a severity level VI offense because the essence of his offense was assault. Burglary, however, is a severity level VII offense.

At the sentencing, appellant's employer, other family members and his ex-wife testified on his behalf. The trial court considered their testimony but concluded substantial and compelling reasons did not exist for departing. We find no error and concur with the trial court's careful evaluation of the circumstances. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981).

## III.

Appellant claims he never intended to conceal he received unemployment compensation and he believed his wife was reporting its receipt. Appellant admitted he knew he had a duty to report the unemployment compensation and failed to report it. Family income reports signed by appellant and his wife failed to disclose the income and appellant acknowledged he signed two of the five reports, claiming three of them were forgeries. Viewing the evidence most favorable to the state, a jury could reasonably conclude appellant was guilty. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978); *State v. Heinzer,* 347 N.W.2d 535, 538 (Minn.Ct.App.1984, *pet. for rev. denied* (Minn. July 26, 1984)).

## DECISION

Appellant was properly sentenced for burglary. The trial court did not abuse its discretion by using appellant's AFDC assistance conviction for a criminal history score of one for the burglary offense. The trial court did not abuse its discretion in imposing the presumptive sentence. The evidence was sufficient to sustain appellant's conviction for wrongfully obtaining AFDC assistance.

Affirmed.