**STATE of Minnesota, Respondent,**

v.

**Perry Carlyle ANDERSON, Appellant.**

**No. C0–84–2047.**

Court of Appeals of Minnesota.

Feb. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., Robert W. Kelly, Washington Co. Atty., Louise A. Dobbe, Asst. Co. Atty., Stillwater, for respondent.

C. Paul Jones, Minn. State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This is an appeal by Perry Carlyle Anderson from sentences imposed for the death of one person and serious injury to another resulting from Anderson's criminal negligence in driving a semi-truck and trailer.

Anderson claims the trial court sentenced him in the improper order, improperly used the *Hernandez* method in sentencing, and abused its discretion in departing durationally and dispositionally. We affirm.

## FACTS

On June 17, 1984, Anderson was driving a semi-truck and trailer eastbound on Highway 36 in Washington County, Minnesota, on his way to Florida. As he approached an intersection controlled by stoplights, eyewitness accounts indicated he went through a red light at about 60 miles per hour and collided with a car driven by Greg Shopbell. Shopbell died, and his passenger, Kelly McKean, suffered serious injuries. Anderson did not stop his vehicle for about a quarter mile. Anderson tried to get his passenger to lie and say that Anderson was the passenger and, in fact, Anderson told an officer on the scene that he was not the driver.

Blood alcohol test results showed Anderson's blood alcohol content was .15. Anderson had prior D.W.I. convictions in 1972, 1982 and 1983, and at the time of the collision his driving privileges had been revoked because of the most recent D.W.I. conviction.

Kelly McKean's injuries included a broken left wrist, cut chin, cut fingers, fractured right leg, head injuries, and dislocated jaw. In addition, she underwent 14 operations relating to her severely cut left leg, resulting in amputation of her leg at the knee.

Anderson pleaded guilty to criminal vehicular operation resulting in injury in violation of Minn.Stat. § 609.21, subd. 2 (Supp. 1983), and criminal vehicular operation resulting in death in violation of Minn.Stat. § 609.21, subd. 1 (Supp.1983). The State dismissed D.W.I. and aggravated D.W.I. charges.

The trial court imposed sentence for the injury-related offense first and sentenced Anderson to one year and one day, stayed, and placed Anderson on probation for five years. The court then sentenced Anderson to a 46-month executed term for the death-

related offense. This was computed by using a criminal history point generated by the injury offense (following *Hernandez*) and then departing dispositionally and durationally. At Anderson's request the first sentence was executed, and the two sentences were ordered to be served concurrently.

### ISSUES

1. Did the trial court err in sentencing appellant for the injury-related offense first?

2. Did the trial court improperly apply the *Hernandez* method of sentencing?

3. Does the record support the trial court's dispositional and durational departure?

### ANALYSIS

#### I

■ When multiple current offenses are sentenced on the same day, sentencing should occur in the order in which the offenses occurred. Minnesota Sentencing Guidelines and Commentary II.B.101; *State v. Anderson,* 345 N.W.2d 764, 766 (Minn.1984); *State v. Ronning,* 356 N.W.2d 446, 447–48 (Minn.Ct.App.1984). The trial court sentenced Anderson on the injury-related offense first because "it appears that the injuries sustained to victim occurred at the point of impact." The death-related offense was second because "death occurred at some point subsequent to the point of impact." This finding is supported by the medical evidence, which placed the time of death after impact, within two minutes after the crash, and the time of injuries to McKean simultaneous with the crash. The trial court did not err in sentencing Anderson to the injury-related offense first.

#### II

■ Anderson contends the trial court erred in applying the *Hernandez* method of sentencing. *State v. Hernandez,* 311 N.W.2d 478 (Minn.1981). Under *Hernandez,* where the trial court sentences concur-

rently on more than one offense on the same day, a criminal history point is generated for each of the sentences. Anderson contends *Hernandez* is inapplicable when multiple offenses result from a single behaviorial incident. Anderson's contention is directly in contrast to *State v. Gartland,* 330 N.W.2d 881 (Minn.1983). There, defendant pleaded guilty to two counts of criminal negligence resulting in death in driving his automobile. The Minnesota Supreme Court held that multiple sentencing using the *Hernandez* method of computing criminal history scores was applicable under the judicially created multiple-victim exception to Minn.Stat. § 609.035 (1982). Under this exception, "a defendant who commits multiple offenses in a single behaviorial incident may be sentenced to one sentence per victim so long as the multiple sentencing does not unfairly exaggerate the criminality of the defendant's conduct." *Id.* at 883. Since this exception applied, the *Gartland* court stated, "[i]t was appropriate to use the *Hernandez* method of computing defendant's criminal history score * * *."

Anderson's reliance on *State v. Jackson,* 351 N.W.2d 352 (Minn.1984), is misplaced because the gravamen there was that defendant was sentenced consecutively under *Hernandez,* rather than concurrently.

#### III

Finally, Anderson contends the trial court abused its discretion in departing both dispositionally and durationally without substantial and compelling reasons.

■ A. Execution of the presumptively stayed sentence is justified because of the egregiousness of Anderson's conduct. *State v. Gartland,* 330 N.W.2d 881, 883 (Minn.1983); *State v. Anderson,* 356 N.W.2d 453 (Minn.Ct.App.1984). Eyewitness accounts indicated that Anderson drove through a red light at an excessive rate of speed and thus clearly represented a greater than normal danger to the safety of other people.

Moreover, the trial court aptly noted the record shows Anderson is not amenable to probation. Anderson unsuccessfully complied with a court-ordered program at Anoka State Hospital, made little progress in a recent voluntarily admitted treatment program as well as in prior treatment programs, and even failed to cooperate in the presentence investigation of this case by completing a psychological evaluation as ordered by the court.

■ B. The trial court departed durationally by doubling the 23-month presumptive sentence (based on a severity level V and criminal history of 1). Recently we upheld an upward departure in a case of criminal vehicular operation resulting in death in *State v. Anderson*, 356 N.W.2d 453 (Minn.Ct.App.1984). We reiterated that the general issue in durational departures is whether the defendant's conduct was significantly more or less serious than that typically involved in the commission of the crime in question. *Id.* at 455 (citing *State v. Cox*, 343 N.W.2d 641, 643 (Minn. 1984)).

We have no hesitation in agreeing with the trial court that Anderson's conduct here was severely aggravating, justifying a double departure. Anderson was driving with a .15 blood alcohol content and had numerous prior D.W.I. convictions. He was heading to Florida and in his intoxicated condition represented a danger to the safety of all he encountered. He drove without a license on a busy highway at an excessive rate of speed and according to eyewitnesses went through a red light, thereby colliding with a car, killing the driver and seriously injuring the passenger. He did not stop for a quarter mile and upon questioning attempted to shift blame to his passenger. Since his conduct was more serious and more culpable than that underlying a typical criminal negligence conviction, the departure was clearly justified by substantial and compelling circumstances. *See State v. McGee*, 347 N.W.2d 802, 806 (Minn.1984); *Anderson*, 356 N.W.2d at 454–55.

**DECISION**

The trial court sentenced appellant in the proper order, properly used the *Hernandez* method of generating a criminal history point, and did not err in dispositionally and durationally departing.

Affirmed.