**STATE of Minnesota, Respondent,**

v.

**Kamuel Mace PRESLEY, Appellant.**

No. C2-84-2213.

Court of Appeals of Minnesota.

March 5, 1985.

Review Denied April 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas F. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Kamuel Presley was convicted of assault in the second degree, Minn.Stat. § 609.222 (1982) for dipping a 20 month old child in hot water, causing major burns to her back and buttocks. Appellant originally claimed the child received the burns when she had been placed in a hot bath tub. He later maintained the child was burned accidentally when he spilled hot water on her while "free basing" cocaine. This explanation was inconsistent with the expert testimony that the child's scars showed a distinct dipping injury, being submerged and held under hot water with her arms tightly against her sides. At sentencing, the evidence showed the child would need to wear a protective girdle for two to three years, 23 hours a day to aid in healing and that further surgery was likely.

The trial court departed both durationally and dispositionally from the presumptive 26 month stayed sentence and sentenced appellant to an executed 52 month prison term, based on a severity level VI offense and a criminal history score of 1. In its departure report, the trial court gave the following reasons for both departures:

(a) the victim was a 20 month old female, whose age and vulnerability were obviously known to the defendant at the time he committed the offense.

(b) that the victim was treated with particular cruelty for which the defendant should be held responsible.

### DECISION

On appeal, appellant contests only the dispositional departure. The law is clear that a dispositional departure may be justified not only where the defendant is particularly unamenable to probation, but where defendant's conduct was more serious than that usually associated with the offense in question. *State v. Gartland*, 330 N.W.2d 881, 883 (Minn.1983); *State v. Anderson*, 356 N.W.2d 453, 455 (Minn.Ct. App.1984); *State v. Anderson*, 361 N.W.2d 896 (Minn.Ct.App.1985). We confirm the trial court's discretionary determination that appellant's conduct was egregious, justifying a significant period of incarceration. The dispositional departure is affirmed.

Affirmed.