**STATE of Minnesota, Respondent,**

v.

**Gary Lee FINN, Appellant.**

**No. C2-86-658.**

Court of Appeals of Minnesota.

July 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gaylord A. Saetre, Jr., Todd County Atty., B. Joseph Majors, II, Sp. Asst. Todd County Atty., Wadena, for respondent.

Max J. Ruttger, III, Ryan, Ryan, Ruttger & Drake, Brainerd, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

At approximately 6:30 o'clock p.m. on December 16, 1985, appellant Gary Lee Finn was driving erratically in downtown Staples. Although the speed limit was only 30 miles per hour, Finn drove between 40 and 50 miles per hour as he weaved back and forth across the center line. As Finn attempted to pass a car, he collided head on with a second car and veered into a third car. A subsequent blood test revealed Finn's blood alcohol concentration was .22. At the hospital Finn told the police officer "I'm drunk, I know I am, lock me away."

Investigation revealed that Finn was driving without a driver's license as his license had been revoked previously for prior alcohol related driving convictions. Earlier that day, Finn was stopped in Motley, Minnesota and was cited for speeding and driving after revocation; the officer noted alcohol on his breath and released Finn to the custody of his father after he passed field sobriety tests. Later in that afternoon Finn went to his parents home and drank several beers. He then drove to a bar in Staples and drank. His father and uncle came to retrieve his car keys because of his condition. He refused to give up his keys and shortly after he left the bar he crashed into the two cars.

The driver of the first vehicle suffered a puncture of her skull requiring surgery and removal of a small portion of her brain. The driver of the second vehicle suffered a broken pelvis, dislocated hip, and broken chips off his hip socket. Two other individuals were injured.

Finn, age 26 at the time of the incident, had four prior D.W.I. convictions, including an aggravated D.W.I. conviction. He had just pleaded guilty to that offense and was awaiting sentencing. Three of the convictions involved incidents occurring between August and November 1985.

Finn was charged with criminal vehicular operation resulting in injury, aggravated D.W.I. and D.W.I. He pleaded guilty to criminal vehicular operation resulting in injury, Minn.Stat. § 609.21, subd. 2(2), (3) (1984), and the State dismissed the D.W.I. charges. The presumptive sentence was a stayed sentence of 13 months.

The trial court departed dispositionally and durationally, sentencing Finn to an executed prison term of 24 months and ordered restitution of about $2,000 to one of the victims. In departing, the trial court cited numerous reasons and attached a sentencing order with a seven page memorandum. Respondent did not file a brief and we proceeded under Minn.R.Civ.App.P. 142.03.

## DECISION

There is no question the departure in this case was justified by substantial and compelling circumstances. Minnesota Sentencing Guidelines, II.D. The trial court found this a particularly serious offense, not typical of the ordinary case under the statute. *State v. Cox*, 343 N.W.2d 641 (Minn.1984). The trial court also cited Finn's past refusal to seek alcohol treatment, a factor which may be used for dispositional departures. The trial court concluded its lengthy memorandum as follows:

> By his conduct on December 16, 1985 Mr. Finn demonstrated a callous disregard for and a total indifference to the following:
>
> a. The consequences of alcohol abuse.
> b. The wishes of family members.
> c. The laws of the State of Minnesota.
> d. The terms and conditions of a judge's order.
> e. The rights and safety of other citizens.

We have present here inexcusably egregious conduct on the defendant's part. We have present here severe, substantial and compelling circumstances. The facts demonstrate that we have present here reasons for departure that are aggravated in the extreme. Mr. Finn refused to give up the car keys to his father and chose to drive off from the bar on his own, the vehicle became the equivalent of a deadly weapon in his hands.

> When Mr. Finn was at the hospital after the accident, he told the arresting officer: "I am drunk, I know I am, lock me away." When I consider the goals and purposes of the sentencing process, I come to the same conclusion as Mr. Finn: this is a case where, it is necessary for the defendant to be locked away. * * *

We agree with the trial court. The cases cited by the trial court support the court's dispositional and durational departure. *See State v. Gartland*, 330 N.W.2d 881 (Minn.1983); *State v. Loitz*, 366 N.W.2d 744 (Minn.Ct.App.1985); *State v. Anderson*, 361 N.W.2d 896 (Minn.Ct.App.1985); *State v. Anderson*, 356 N.W.2d 453 (Minn.Ct.App.1984). We also note that Finn threatened the lives of many people by his conduct. *See State v. Winchell*, 363 N.W.2d 747, 750 (Minn.1985).

Affirmed.