**STATE of Minnesota, Respondent,**

v.

**Charles O. WILLIAMS, Appellant.**

**No. CO–87–1480.**

Court of Appeals of Minnesota.

Nov. 10, 1987.

Review Denied Jan. 15, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Susan J. Andrews, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ.

## MEMORANDUM OPINION

SEDGWICK, Judge.

### FACTS

On December 6, 1986, about midnight, Cory Wojtowicz was driving west and Williams was driving east on Lowry Avenue in Minneapolis. Appellant Charles Williams' car crossed the center line and hit Wojtowicz's car. Wojtowicz was unconscious for several days with a head injury. In addition, Wojtowicz broke his leg, hip, collar bones, and had his spleen removed as a result of the accident. Williams lost some teeth, injured his finger and had some chest pain.

Prior to the accident, Ester Svoboda was walking east on Lowry several blocks from the accident when Williams' car came onto the sidewalk and almost struck her. She noticed that the driver appeared to be asleep behind the wheel. She saw Williams' car almost strike a parked car and then get back on Lowry heading west.

Williams blood alcohol concentration after the accident was .26. Williams claimed that he was so drunk that he did not know what he was doing at the time of the accident.

Williams pleaded guilty and was sentenced to 36 months for violation of Minn. Stat. § 609.21, subd. 2(3) (1986). The presumptive sentence for criminal vehicular operation with appellant's criminal history score of five is 22 months committed. The trial court justified the increased sentence because Williams' 14 prior convictions for driving under the influence of alcohol showed a callous disregard for the consequences of chemical use and its effect on driving, because Williams' conduct caused unusually severe and permanent injury to Wojtowicz and threatened the life of Svoboda, because Williams was driving on a busy street in a residential area knowing it was likely he might injure or kill unsuspecting pedestrians, and because Williams failed to stop after driving upon the sidewalk.

### DECISION

The appellate court will not modify the departure unless it has a "strong feeling" that the sentence is disproportional to the offense and "that the trial judge exceeded his discretion in assessing the sanction." *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981); *see* Minn.Stat. § 244.11 (1986). A trial court may depart from the sentencing guidelines under substantial and compelling circumstances. Minnesota Sentencing Guidelines II.D. "Substantial and compelling circumstances are those circumstances that make the facts of a particular case different from a typical case." *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985).

Durational departure has been justified where the conduct underlying the offense represents a greater than normal danger to the safety of other people, *State v. McClay*, 310 N.W.2d 683, 685 (Minn. 1981), or where the defendant's conduct is significantly more serious than conduct typically involved in the commission of the crime, *State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984). A defendant's criminal history is taken into account by the sentencing guidelines and is not generally a ground for departure. *State v. Magnan*, 328 N.W.2d 147, 149–50 (Minn.1983). Nonetheless, where the defendant was apparently extremely drunk, the court has considered prior DWI convictions reasoning that "just as a second DWI conviction is now considered an aggravated violation, * * * [a] defendant's prior convictions of DWI bear on an evaluation of his conduct and render his conduct more serious." *State v. McGee*, 347 N.W.2d 802, 806 (Minn. 1984); *accord* Sentencing Guidelines II.B.3 (does not exclude prior DWI offenses from calculation of criminal history score when current conviction offense is criminal vehicular operation).

Here, Williams had fourteen prior DWI convictions and his blood alcohol concentration at the time of the accident was .26. The fact that Williams had two near-accidents several blocks before hitting Wojtowicz yet continued driving heightens the seriousness of his conduct. *See ' State v. Anderson*, 356 N.W.2d 453 (Minn.Ct.App. 1984). The trial court did not abuse its

discretion in considering the prior DWI convictions or Williams' conduct prior to the accident when determining whether Williams presented a greater than normal danger to the public safety. *See State v. Finn*, 391 N.W.2d 55 (Minn.Ct.App.1986). The facts of this case present substantial and compelling circumstances for a durational departure in sentencing for a violation of Minn.Stat. § 609.21, subd. 2(3).

Affirmed.