**STATE of Minnesota, Respondent,**

v.

**Mark Richard CHAKLOS, Appellant.**

**No. C0–93–2542.**

Court of Appeals of Minnesota.

Oct. 4, 1994.

Review Granted Dec. 2, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James Terwedo, Scott County Atty., Thomas J. Harbinson, Asst. County Atty., Shakopee, for respondent.

John M. Stuart, State Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and NORTON and SCHUMACHER, JJ.

## OPINION

FORSBERG, Judge.

A jury convicted Mark Richard Chaklos of two counts of criminal vehicular homicide, two counts of criminal vehicular injury, and two counts of driving while under the influence. Minn.Stat. §§ 169.121, subd. 1(d), (e); 609.21, subds. 1(3), 2a(3) (1990). The court sentenced Chaklos to consecutive terms of 21 months for one homicide offense and 12 months for one injury offense. Chaklos challenges his sentence, arguing the trial court impermissibly departed from the sentencing guidelines and should have vacated the convictions for the lesser included offenses. We affirm the convictions for one count of criminal vehicular homicide and one count of criminal vehicular injury, but reverse the other convictions, vacate the sentence as to the injury conviction, and remand to the trial court for resentencing consistent with this opinion.

## FACTS

On February 16, 1992, appellant Mark Chaklos drove his car into the rear end of a car driven by Monica Dahl. Dahl's car left the road and struck a utility pole, severely injuring Dahl and her passenger, Rhonda Holker.

· Holker died from a broken neck shortly after arriving at the hospital. Dahl needed stitches on her face and arms and plastic surgery to repair her ear. Dahl also needed physical therapy for weeks after the collision for injuries to her back.

Appellant also was taken to the hospital, where a blood test showed his alcohol concentration was .25. Appellant gave the police several conflicting statements as to what had happened. At various times, appellant stated a blue or turquoise car had cut in front of him and hit Dahl's car, or that a silver or white car had been involved, or that he couldn't describe the other vehicle. Appellant also told police he "might have had two or three beers" before the collision.

At trial, the state introduced evidence that paint chips taken from the front of appellant's car matched the paint on Dahl's car, and indentations on the rear of Dahl's car corresponded to bolts on the front of appellant's car. Appellant testified at trial, and said he drank three beers during the six hours before the collision. Appellant stated another car had cut him off, and he had tried to catch up to it. Appellant said he turned his head away from the road to look for deer, and when he looked back up, he saw red lights and remembered hitting a car. Appellant testified that he originally had told the police that three cars had been involved, but he admitted that his car caused the collision.

The jury found appellant not guilty of causing death or injury while driving negligently and under the influence of alcohol. Minn.Stat. § 609.21, subds. 1(2), 2a(2) (1990). But the jury convicted appellant of two counts of driving with an alcohol concentration over .10, two counts of criminal vehicular homicide while having an alcohol concentra-

tion over .10, and two counts of criminal vehicular injury while having an alcohol concentration over .10. Minn.Stat. §§ 169.121, subd. 1(d), (e); 609.21, subds. 1(3), 2a(3) (1990).

The trial court sentenced appellant to consecutive terms of 21 and 12 months, respectively, for one count each of criminal vehicular homicide and injury, and concurrent sentences for the DWI convictions. On October 4, 1993, the trial court issued a clarifying order vacating the concurrent sentences for the DWI convictions and explaining that it would impose no sentence for the additional counts of vehicular homicide and injury.

## ISSUES

1. Did the trial court abuse its discretion in departing from the sentencing guidelines?

2. Does Minn.Stat. § 609.04 (1990), which prohibits conviction for both the charged crime and lesser included offenses, require reversal of appellant's two DWI convictions and the two convictions on the duplicative charges for each victim?

## ANALYSIS

■ 1. Appellant argues the trial court should not have departed from the guidelines when imposing the sentence for criminal vehicular injury. The decision to depart from sentencing guidelines generally rests within the trial court's discretion and will not be reversed absent a clear abuse of discretion. *See State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981) (affirming departure).

Appellant argued in his first brief that criminal vehicular homicide had a presumptive sentence of 21 months stayed, but conceded in his reply brief that the guidelines call for a presumption of commitment. *See* Minn.Sent.Guidelines II.C. (presumptive sentence). Appellant therefore limits his argument on this issue to an assertion that the trial court abused its discretion in ordering commitment for the conviction of criminal vehicular injury.

Criminal vehicular injury is a severity level III offense. Minn.Sent.Guidelines V. Because appellant had a criminal history score of 1-½ points, appellant's presumptive sen-

tence was 13 months stayed. Minn.Sent.Guidelines IV. The trial court imposed a sentence of 12 months executed, a dispositional departure from the guidelines.

A trial court may depart from the sentencing guidelines if substantial and compelling circumstances exist. Minn.Sent.Guidelines II.D. The trial court listed a number of aggravating factors to justify its departure. It considered the nature and extent of the surviving victim's injuries, appellant's attempts to shift the blame for causing the collision, appellant's high blood alcohol concentration, and the fact that appellant's actions had affected two different victims.

■ We agree with appellant that the factors listed by the trial court do not justify a departure in this case. The injury to the surviving victim was an element of the crime charged, and therefore was considered in the sentencing guidelines. *See State v. Yanez,* 469 N.W.2d 452, 457 (Minn.App.1991) (elements of the offense are not proper aggravating factors), *pet. for rev. denied* (Minn. June 19, 1991). Similarly, the multiple victim factor resulted in permissive consecutive sentences. Minn.Sent.Guidelines II.F.2. It should not have been factored in an additional time. *See State v. Brusven,* 327 N.W.2d 591, 593 (Minn.1982) (ordinarily it is inappropriate for sentencing court to depart based on same facts used to determine presumptive sentence).

■ Finally, while a high blood alcohol concentration has been deemed an aggravating factor, it generally has been only one ground among several that cumulatively form a strong basis for departing from the presumptive sentence. *See, e.g., State v. Condon,* 497 N.W.2d 272, 276 (Minn.App.1993) (defendant attempted to flee after killing mother in front of her children); *State v. Williams,* 414 N.W.2d 781, 782 (Minn.App. 1987) (defendant had 14 prior DWI convictions and was in two near-accidents immediately before the head-on collision that injured the victim), *pet. for rev. denied* (Minn. Jan. 15, 1988). Although the facts of this case are tragic, we cannot say they are different from a typical drunk driving case. *See Williams,* 414 N.W.2d at 782 (quoting *State v. Peake,*

**364**

366 N.W.2d 299, 301 (Minn.1985)). Because the trial court relied on inappropriate factors, its dispositional departure from the guidelines on the injury conviction cannot be supported. We therefore vacate the sentence as to the one injury offense and remand the case for resentencing, directing the trial court to impose the presumptive sentence of 13 months stayed for the conviction of criminal vehicular injury.

2. Appellant argues that all of his convictions, except for one count of criminal vehicular homicide and one count of criminal vehicular injury, must be reversed. We agree. A person may be convicted of either the crime charged or an included offense, but not both. Minn.Stat. § 609.04, subd. 1 (1990). "Conviction" means a verdict of guilty accepted and recorded by the court. Minn.Stat. § 609.02, subd. 5(2) (1990).

█ The trial court, in its clarification order, only vacated appellant's *sentences* for DWI. Because the DWI *convictions* are lesser included offenses, the trial court should have vacated them as well, and we hereby reverse them. Minn.Stat. § 609.04, subd. 1. In addition, although the court did not impose sentence on the duplicative charges for each victim, the court nonetheless characterized them as "convictions." To avoid confusion, we also reverse the convictions on the duplicative charges for each victim. *See State v. Weaver*, 386 N.W.2d 413, 417–18 (Minn.App.1986) (although it is not improper for a defendant to be charged with numerous offenses stemming from one act, a defendant may not properly be convicted of more than one of the charged offenses), *pet. for rev. denied* (Minn. June 19, 1986).

### DECISION

The trial court's departure from the sentencing guidelines was not justified. In addition, it should have vacated appellant's convictions for the four lesser included offenses.

**Affirmed in part, reversed in part, vacated in part and remanded.**