**STATE of Minnesota, Respondent,**

v.

**Charley Raye BEAMON, Appellant.**

**No. C7–89–72.**

Court of Appeals of Minnesota.

April 11, 1989.

Review Denied May 12, 1989.

C. Paul Jones, State Public Defender, Susan L.P. Hauge, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and NIERENGARTEN and IRVINE,* JJ., without oral argument.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of a ninety-month sentence after conviction of six counts of simple robbery. The appellant contends there are no substantial and compelling circumstances justifying consecutive sentences. We affirm.

## FACTS

Appellant Charley Raye Beamon committed six robberies in June and July 1988. He robbed one gas station three times, a second gas station once, and a convenience store twice. Each time Beamon produced a toy gun and demanded money from a clerk; no one was physically injured during the robberies. The total amount of cash taken was approximately $515.

The State agreed not to charge Beamon with eight additional offenses or make any sentencing recommendations and Beamon agreed to plead guilty to the six counts of simple robbery. The district court imposed a fifty-four month executed sentence for the first simple robbery conviction because the offense was a severity level V offense and Beamon's criminal history score was six. The court also imposed eighteen-month executed sentences for each of the remaining five convictions: three of the eighteen-month sentences were concurrent with each other but consecutive with the

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

fifty-four month sentence; the remaining two eighteen-month sentences were concurrent with each other but consecutive with the executed fifty-four and eighteen-month sentences. The aggregated sentence was ninety months.

The court imposed consecutive sentences because it believed simple robbery was a "violent offense" and because it concluded Beamon terrorized the businesses by robbing them more than once. Beamon claims the ninety-month sentence is an unjustified dispositional departure.

## ISSUE

Did the district court err by sentencing the appellant to a ninety-month executed sentence?

## ANALYSIS

On appeal of a sentence, the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court. * * * The court may dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct.

Minn.R.Crim.P. 28.05, subd. 2.

Consecutive sentences are more severe sanctions than are concurrent sentences and are intended to confine offenders for longer periods of time. *See* Minn. Sentencing Guidelines II.F.01 comment. A consecutive sentence does not constitute a departure from the guidelines and does not require written reasons pursuant to Minn. Stat. § 244.10, subd. 2 if the consecutive sentence is imposed under circumstances specified in the sentencing guidelines. *See id.* II.F. The district court could sentence Beamon to consecutive sentences without departing from the guidelines because Beamon was convicted of multiple felonies against different persons and the sentence for the most severe conviction was executed according to the guidelines. *See id.*

For persons given consecutive sentences, the sentence durations for each separate offense sentenced consecutively shall be aggregated into a single presumptive sentence. The presumptive duration for offenses sentenced consecutively is determined by locating the Sentencing Guidelines Grid cell defined by the most severe offense and the offender's criminal history score and by adding to the duration shown therein the duration indicated for every other offense sentenced consecutively at their respective levels of severity but at the zero criminal history column on the Grid.

Minn. Sentencing Guidelines II.F.

■ Beamon was correctly sentenced to a presumptive fifty-four month executed sentence for his first simple robbery conviction because simple robbery is a severity level V offense and his criminal history score was six. *See* Minn. Sentencing Guidelines Grid. Beamon argues that the presumptive sentence for each of his five other convictions for simple robbery is an eighteen-month *stayed* sentence because that is the presumptive disposition for a sentence for simple robbery "at the zero criminal history column on the Grid." Accordingly, Beamon asserts the two eighteen-month *executed* sentences imposed by the court constitute a dispositional departure which must be justified by written reasons. *See* Minn. Sentencing Guidelines II.D. ("a judge must provide written reasons which specify the substantial and compelling nature of the circumstances" which justify departure from the presumptive sentence). We disagree.

Imposition of consecutive executed sentences is not a dispositional departure because the sentencing guidelines authorized the district court to impose consecutive executed sentences. A presumptive sentence for the first simple robbery is a fifty-four month executed sentence. The court could add to that sentence an additional eighteen months for each of the other five simple robbery convictions because that is the *"duration* indicated for every other offense sentenced consecutively at their respective levels of severity * * * at the zero

criminal history column on the Grid." *See id.* II.F. (emphasis added).

 The guidelines only refer to the "duration" of the offense "at the zero criminal history column on the Grid" and calculate the aggregate presumptive sentence using the sentence "duration" indicated at that point. "The purpose of this procedure is to count an individual's criminal history score only one time in the computation of consecutive sentence *durations.*" Minn. Sentencing Guidelines II.F. (emphasis added). *Cf. State v. Elkins,* 346 N.W.2d 116, 120 (Minn.1984) ("any time consecutive sentencing is used the presumptive sentence must be computed using the zero criminal history column"); *State v. Pince,* 358 N.W.2d 435, 437 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Mar. 6, 1985) (the present offenses were both computed using a criminal history score of five; the district court should have used a criminal history score of zero). The guidelines do not indicate that the procedure for computing consecutive sentences affects the disposition of the sentence; the procedure only is used to calculate the "duration" of the consecutive sentences by limiting the number of times the offender's criminal history score will be counted. By imposing only additional eighteen-month executed sentences rather than fifty-four or fifty-seven month sentences, Beamon's criminal history score is counted only once pursuant to the guidelines, but the aggregated sentence reflects the presumptive executed sentence Beamon would have received for each of his convictions given the severity level of his offenses and his criminal history score.

 The decision to impose consecutive sentences is within the discretion of the sentencing court. *See Massey v. State,* 352 N.W.2d 487, 489 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984). Absent compelling circumstances, this court will not interfere with actions of the sentencing court which are permitted by the guidelines. *See id.; see also State v. Nolder,* 357 N.W.2d 370, 372 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn. Feb. 6, 1985) (the court did not abuse its discretion by sentencing the appellant to a sixty-month sentence for armed robbery which ran consecutively with a zero-to-five year sentence for a Texas robbery conviction). Although the total amount of cash taken by Beamon during the six robberies was relatively small, other factors justify the court's consecutive sentencing: Beamon committed six robberies within a two-month period, he robbed one store three times and another twice, and the robberies were committed by threatening the clerks with a gun or toy gun. We cannot conclude the consecutive sentences unfairly exaggerate the criminality of Beamon's conduct. *Cf. State v. Crapser,* 378 N.W.2d 110, 112 (Minn.Ct.App.1985) (an aggregated 86-month sentence for two first degree intrafamilial sexual abuse convictions did not unfairly exaggerate the criminality of the appellant's conduct).

### DECISION

Imposition of consecutive executed sentences is authorized by the sentencing guidelines and does not constitute a dispositional departure.

**AFFIRMED.**