**STATE of Minnesota, Respondent,**

v.

**Richard G. HOPKINS, Appellant.**

**No. C4–92–461.**

Court of Appeals of Minnesota.

June 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Gary S. McGlennen, Asst. County Atty., Minneapolis, for respondent.

John Stuart, State Public Defender, Susan J. Andrews, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by RANDALL, P.J., HARTEN and SCHULTZ, JJ.*

## OPINION

RANDALL, Judge.

This appeal is from a resentencing order entered following the discovery of an error in appellant's criminal history score. We affirm as modified.

## FACTS

Appellant Richard Hopkins was charged with first and second degree criminal sexual conduct for engaging in sexual penetration and contact with seven-year-old V.H. over a six-month period. Appellant was also charged with first and second degree criminal sexual conduct for sexual contact with another young victim. Appellant pleaded guilty to the charge of first degree criminal sexual conduct involving V.H., and a count charging second degree criminal sexual conduct against the other victim. The remaining two charges were dismissed. There was no agreement as to sentence.

At the sentencing hearing, appellant argued for a downward dispositional departure. He presented the results of several examinations by psychologists, who concluded he was amenable to treatment. Also, Alpha House, a treatment center,

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

stated appellant was a candidate for treatment and had been accepted into the program. Appellant also had a report from V.H.'s attorney indicating it was in the best interests of V.H., and in accord with her wishes, that appellant not be incarcerated. Appellant's wife testified on behalf of a dispositional departure. The mother of the other victim supported incarceration. The state argued for an upward durational departure. The trial court imposed a presumptive sentence of 122 months for the first degree criminal sexual conduct conviction and a consecutive 21–month sentence for the second degree criminal sexual conduct conviction.

Hopkins later filed a motion for correction of his sentence. He argued his criminal history score should have been zero instead of three because he had been discharged from prior sentences in Colorado without a felony conviction resulting. The state does not dispute appellant's argument that his Colorado "crimes" should result in zero points. Thus we assume for purpose of analysis that appellant's correct criminal history score at the time of sentencing was zero. Appellant petitioned for resentencing on the first count to a term within the presumptive range of 81 to 90 months.

At the first hearing on the resentencing motion, the trial court indicated it had originally calculated the appropriate sentence based on different factors and said that, although it reviewed the sentencing guidelines, the guidelines did not necessarily control the decision. The trial court stated, in effect, that the guidelines can be used, after the fact, to justify a sentence the trial court independently deems appropriate. The trial court described the guidelines as "highly manipulative." The trial court continued the matter to a second hearing. At that hearing, the state urged the court to retain the original sentence of 122 months by means of an upward departure if necessary. Appellant repeated his arguments for a reduced presumptive or a downward dispositional departure.

At the final hearing, the trial court decided to retain the original sentence of 122 months for Count I. The trial court indicated that if the sentence was viewed as an upward departure, he found two aggravating factors, the abuse of a position of trust, and multiple sexual acts on different occasions. Appellant argued the aggravating factors cited were inappropriate but concentrates his argument on the issue that no upward departure may be imposed upon resentencing when no record supporting an upward departure was made at the original sentencing.

## ISSUES

1. Did the trial court exceed its authority by imposing an upward departure upon resentencing when no reasons for departure had been given at the original sentencing hearing?

2. Did the trial court abuse its discretion in declining to depart dispositionally?

3. Was execution of the second sentence a dispositional departure?

## ANALYSIS

### I.

*Upward departures on a resentencing*

Appellant argues the trial court had no authority to impose an upward durational departure, in response to the resentencing motion, when no reasons for departure had been given at the original sentencing. *See generally Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985). Appellant argues that the supreme court has closed the door on such retroactive departure reasoning in *State v. Thieman*, 439 N.W.2d 1, 7 (Minn.1989). We agree.

The court in *Thieman* noted the general rule from *Williams*, 361 N.W.2d at 844, that if no reasons for departure are stated on the record at the time of sentencing, no subsequent departure is allowed. *Thieman*, 439 N.W.2d at 7. In *Thieman*, the supreme court held a departure in the form of consecutive sentencing could not be upheld based on reasons for departure stated only after the sentencing. *Id.* The trial court had originally imposed consecutive sentencing because he thought it was per-

missive under the guidelines. *Id.* The court stated:

> We do know that the court intended to issue the presumptive sentence, and to allow it now to amend retroactively its reasons and depart from the guidelines is contrary to *Williams.*

*Id.*

There is no indication in the record that the trial court intended to impose an upward departure when appellant was originally sentenced. The court, the prosecuting attorney, and defense counsel agreed the presumptive sentence was 122 months (based on an erroneous criminal history score) and the trial court imposed the presumptive sentence.

We cannot agree with the trial court's conclusion that it could impose an upward departure on resentencing because initially it had "focused" on the propriety of the sentence in general, and not on its propriety under Minnesota Sentencing Guidelines. A defendant's criminal history score is an integral factor in determining the correct presumptive sentence, and the presumptive sentence may be presumed to be appropriate for all offenses. *See generally* Minn. Sent. Guidelines I, II.B. The *Thieman* court discounted any independent value being assigned the sentence duration chosen, stating,

> It is impossible to predict what the court would have done had it known then that the presumptive guideline sentence was 60 months.

*Thieman,* 439 N.W.2d at 7. The state argued in its brief that this court should overrule the supreme court's decision in *Thieman.* Candidly, the state acknowledged at oral argument that for an intermediate appellate court to overrule the supreme court, it would be "difficult." We do not reach that issue.

The guidelines are not "highly manipulative" and do not allow trial courts to independently determine an appropriate sentence and then justify that sentence by manipulating the sentencing guidelines. The guidelines were carefully designed to do exactly the opposite. They were designed to provide a framework of uniformity giving the most weight to two verifiable objective criteria, the offense of conviction, and the criminal history score. The trial court did not state any reasons for departure at the original sentencing and imposed a presumptive sentence. Under *Thieman* and *Williams,* no subsequent departure is allowed.

## II.

### *Dispositional departure*

■ Appellant argues the evidence showing he was amenable to treatment and probation was substantial and that the trial court abused its discretion in failing to grant a dispositional departure. *See State v. Wall,* 343 N.W.2d 22, 25–26 (Minn.1984) (trial court does not have discretion to ignore possibly mitigating factors). A trial court's decision to impose the presumptive sentence will be reversed only in a rare case. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981). The trial court, in refusing to grant appellant a dispositional departure, properly relied on appellant's history of prior sexual offenses in Colorado, and on indications in the psychologists' reports that appellant, although perhaps treatable, was a "marginal treatment candidate." The trial court was faced with a case in which appellant had committed previous similar offenses, and received no treatment for them. The trial court properly took into consideration those factors favoring probation for appellant and did not err by declining to grant a dispositional departure.

## III.

### *Consecutive sentencing and zero criminal history scores*

■ Appellant challenges for the first time on appeal an alleged improper departure. Appellant argues the trial court did not make a record to justify the upward departure which appellant claims was the result of his sentence on Count IV to an executed 21–month consecutive rather than a stayed sentence. Appellant argues the presumptive sentence was 21 months stayed. We disagree. Appellant's second sentence, the 21–month consecutive, was

calculated as required on a criminal history score of zero (which is done when imposing consecutive sentences regardless of the actual criminal history score to avoid double punishment). Running that sentence consecutive to the 122–month sentence for Count I was not mandatory but was discretionary. But running it consecutive was not an upward departure and need not be accompanied by a departure report. *See* Minn.Sent.Guidelines II.F., comment II. F.02.

The state concedes appellant's argument that executing the consecutive sentence was a departure. We disagree with both appellant and the state on this issue. We addressed this problem in *State v. Beamon*, 438 N.W.2d 397, 399–400 (Minn.App. 1989), *pet. for rev. denied* (Minn. May 12, 1989). The defendant in *Beamon* was sentenced on multiple current convictions, with the trial court choosing, as the trial court did here, to impose consecutive sentencing, using a criminal history score of zero on the sentences made consecutive. This court rejected the argument in *Beamon* that this zero criminal history score mandated a presumptively stayed sentence for those offenses. This court noted:

> The guidelines do not indicate that the procedure for computing consecutive sentences affects the disposition of the sentence; the procedure only is used to calculate the "duration" of the consecutive sentences by limiting the number of times the offender's criminal history score will be counted.

*Id.* at 400.

The guidelines provide that the zero criminal history score, used when sentencing consecutively, is to be used in "computation of consecutive sentence *durations*." Minn.Sent.Guidelines II.F. (emphasis added); *see also* comment II.F.02. Here, the presumptive disposition of appellant's sentence ordered to be served consecutively was an executed sentence. This conclusion is also supported by the procedure for aggregating presumptive sentence durations. *See id.* Such an aggregation procedure makes the most sense only if all sentence durations are presumptively executed dispositions.

### DECISION

The trial court exceeded its authority in imposing an upward departure on Count I upon resentencing. We reduce the sentence for that offense to a presumptive 90 months.

The trial court did not abuse its discretion in refusing to grant appellant a downward dispositional departure.

The trial court's executing the consecutive sentence for Count IV was not a dispositional departure requiring written departure reasons.

Affirmed as modified.